UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____-CIV-_____

EVANGELINO SANABRIA,

    Plaintiff,

vs.

XL SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

**09-23485**

CIV-KING

MAGISTRATE JUDGE
BANDSTRA

FILED by _AS5_ D.C.
INTAKE

NOV 1 6 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, XL SPECIALTY INSURANCE COMPANY, (hereinafter "XL SPECIALTY") hereby files this Notice of Removal of the above-described action to the United States District Court for the Southern District of Florida, Miami Division, from the Eleventh Judicial Circuit Court where the action is now pending as provided by 28 U.S.C. §1332, §1441, and §1446 and states:

1. This cause was commenced and is now pending in the Eleventh Circuit Court, in and for Miami-Dade County, Florida.

2. That this action was commenced in said court on or about October 5, 2009, by the filing of a Complaint, a true copy of which is attached hereto and marked as Exhibit "A", said action being entitled EVANGELINO SANABRIA, Plaintiff v. XL SPECIALTY INSURANCE COMPANY, Defendant, Case No. 09-75648 CA 01.

3. Summons was issued from the Circuit Court on or about October 15, 2009, to the Defendant, XL SPECIALTY. (A copy of said Summons being attached hereto and marked as Exhibit "B").

4.    That the Summons was served upon the Defendant through the office of the Florida Department of Financial Services on October 27, 2009.  (A copy of the Notice of Service from the office of the Florida Department of Financial Services is attached hereto and marked as Exhibit "C").

5.    The Complaint is the initial pleading setting forth the claim upon which the action is based and Defendant first received a copy of the Complaint in the above matter on or about October 27, 2009, when it was served.  A responsive pleading is due to be served on November 16, 2009.  XL SPECIALTY's original Answer and Affirmative Defenses is being filed simultaneously with this Notice of Removal, and a copy is attached hereto as Exhibit "D".

6.    The above described action is a civil action of which this court has original jurisdiction under 28 U.S.C.A. Section 1332 and is one which may be removed to this Court by the Petitioner, Defendant therein, pursuant to the provisions of 28 U.S.C.A. Section 1441 in that it involves a controversy between citizens of different states which exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.  (*See* Plaintiff's Sworn Statement in Proof of Loss dated April 27, 2009, in the amount of $80,158.60 and Correspondence from Rommel Rodriguez, Public Adjuster with Able Adjusting, Inc., to Boulder Claims dated June 25, 2009, with a revised estimate of damages in the amount of $115,631.63 attached as Composite Exhibit "E").

7.    That XL SPECIALTY contends that no monies are owed for the Plaintiff's claim.

8.    At the time of the commencement of this action and at all times since, XL SPECIALTY has been and still is a citizen of Delaware.  Further, XL SPECIALTY's principal place of business is in Delaware.

2

9.     At the time of the commencement of this action and at all times since Plaintiff has been and remains a citizen of the state of Florida. The Defendant is not now nor was it at the time of the institution of this action, a citizen of Florida.

10.    Defendant XL SPECIALTY will give notice of the filing of this notice as required by 28 U.S.C. §1446(d).

11.    A copy of this notice will be filed with the clerk of the Eleventh Judicial Circuit of Florida as required by 28 U.S.C. §1446 (d).

Wherefore, XL SPECIALTY requests that this action proceed in this Court as an action properly removed to it.

Dated: November 13th, 2009

Respectfully submitted,

_MICHAELA D. SCHEIHING, ESQUIRE_
Florida Bar Number 931853
mscheihing@boehmbrown.com
BOEHM, BROWN, FISCHER, HARWOOD,
KELLY & SCHEIHING, P.A.
113 Executive Circle
Daytona Beach, Florida 32120
Telephone (386) 258-3341
Facsimile (386) 258-0252
Attorney for Defendant
XL Specialty Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on the 13th of November, 2009, by First Class U. S. Mail and Facsimile to all counsel or parties of record on the attached service list.

_MICHAELA D. SCHEIHING, ESQUIRE_

## SERVICE LIST

EVANGELINO SANABRIA V. XL SPECIALTY INSURANCE COMPANY

CASE NO. _____-CIV-_____

Jorge L. Carbonell, Esquire
Alvarez, Carbonell & Gomez, PL
2330 Ponce De Leon Blvd., Suite #201
Coral Gables, FL  33134
(305) 444-5885
(305) 444-8986 – Facsimile
mpozo@acglegal.com
Attorney for Plaintiff
Evangelino Sanbria

Michaela D. Scheihing, Esquire
mscheihing@boehmbrown.com
Boehm, Brown, Fischer, Harwood,
  Kelly & Scheihing, P.A.
113 Executive Circle
Daytona Beach, Florida 32120
Telephone: 386-258-3341
Facsimile: 386-258-0252
Attorney for Defendant
XL Specialty Insurance Company

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

EVANGELINO SANABRIA,

GENERAL JURISDICTION DIVISION

    Plaintiff,

CASE NO.: 0 9 - 7 5 6 4 8 CA 0 1 (13)

v.

XL SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

Plaintiff, EVANGELINO SANABRIA (the "Insured"), hereby sues Defendant, XL SPECIALTY INSURANCE COMPANY (the "Insurance Company"), and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1.    This is an action for damages that exceed Fifteen Thousand Dollars ($15,000) exclusive of interest, costs and fees.

2.    The Insured is an individual who at all times material hereto has resided in Miami-Dade County, Florida.

3.    The Insurance Company is a Florida corporation, organized and existing under the laws of Florida, qualified to do business in Florida, and has at all times material hereto been conducting business in Miami-Dade County, Florida.

4.    Venue is proper in Miami-Dade County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Miami-Dade County, Florida.

5.    All conditions precedents to the filing of this lawsuit have occurred, have been waived or have been performed.



EXHIBIT

A

## GENERAL ALLEGATIONS

6.    At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Insurance Company with a policy number of ICS0966101867900 (the "Policy"). The Insured after diligent search and expending all efforts to locate a copy of the Policy has not been able to do so. However, the Insurance Company must have a copy of said Policy in its possession; as such the Insured will file a copy of the Policy after the same is provided by the Insurance Company and hereby incorporate by reference said Insurance Policy.

7.    Accordingly, under the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's property against certain losses. The damaged property is located at 963 NE 1st Ave., Homestead, Florida 33030 ("Property").

8.    On or about October 24, 2005, while the Policy was in full force and effect, the Property sustained a covered loss as a result of Hurricane Wilma (the "Loss").

9.    The Insurance Company acknowledged coverage for the Loss as claim number ICAT-2008-V-0000005868 and assigned an insurance adjuster to adjust the Loss.

10.   Accordingly, the Insurance Company inspected the Property and later denied the Insured's claim and denied any payment to him.

11.   The Insured has repeatedly asked the Insurance Company to reconsider its decision. However, the Insurance Company refuses to provide neither coverage nor payment to the Insured, as he is entitled to under the Policy.

2

12.     To date, the Insurance Company has failed to provide neither coverage nor payment to the Insured for their losses stemming from the Loss, as he is entitled to under the Policy.

13.     The Insured has suffered and continues to suffer damages resulting from Insurance Company's breach of the Policy.

14.     The Insured has been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorneys' fee pursuant to Florida Statute Section 627.428.

## COUNT I
## BREACH OF CONTRACT

The Insured reincorporates paragraphs 1 through 14 as if fully set forth herein.

15.     It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

16.     The Insured has paid all premiums due and owing as contemplated by the Policy; thus, fully performing his obligations under the Policy.

17.     To date, the Insurance Company has failed to provide neither coverage nor payment to the Insured for his losses stemming from the Loss, as he is entitled to under the Policy.

18.     Further, at all times material hereto, the Insured has satisfied all post loss obligations accorded in the Policy, including but not limited to: (i) protecting the Property from further loss; (ii) making reasonable and necessary repairs to protect the Property.

3

Accordingly, the Insured has made diligent effort to complete reasonable repairs to the Property and has mitigated the damages sustained.

19.    As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has sustained damages.

WHEREFORE, the Insured respectfully requests that this Court enter judgment declaring that the Insurance Company wrongfully denied coverage and payment to the Insured, that the Insurance Company provide payment to the Insured for the full amount of their losses, and that this Court award the Insured his attorneys' fees and grant such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues to triable as a matter of right.

Dated this ____ day of October, 2009

> **ALVAREZ CARBONELL & GOMEZ P.L.**
> 2330 Ponce De Leon Blvd., Suite 201
> Coral Gables, Florida 33134
> Telephone No. (305) 444-5885
> Facsimile No. (305) 444-8986
>
> By:_____
> Jorge L. Carbonell Jr. Esq.
> Florida Bar No. 0011783

4

RECEIVED
EXTON LEGAL

OCT 2 '' 2009

XL INSURANCE

X IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
Q

| DIVISION<br>X CIVIL<br>Q OTHER | SUMMONS | CASE NUMBER<br>09 - 756 48 CA 0 13 |
|---|---|---|
| PLAINTIFF(S)<br><br>EVANGELINO<br>SANABRIA, | DEFENDANT (s)<br><br>XL SPECIALTY<br>INSURANCE COMPANY, | CLOCK IN |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the *Complaint* in this action on defendant:

### XL SPECIALTY INSURANCE COMPANY
**BY AND THROUGH THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES
200 E. GAINES STREET
TALLAHASSEE, FLORIDA 32399-4201**

Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney:
Alvarez Carbonell & Gomez, P.L. whose address is 2330 Ponce De Leon Blvd., Suite 201, Coral Gables,
Florida 33134, Telephone No.: 305/444-5885, Telefax No.: 305/444-8986, within 20 days after service of
this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with
the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant
fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

| CLERK OF COURTS | BY **PATRICK GILLYARD**<br>DEPUTY CLERK | DATE<br>OCT 1 5 2009 |
|---|---|---|

AMERICANS WITH DISABILITIES ACT OF 1990
IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL
ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE ASA COORDINATOR, NO LATER
THAN 7 DAYS PRIOR TO THE PROCEEDINGS AT 305/375-2006 (VOICE) OR 305/375-2007 (TDD)

COURT SEAL

**EXHIBIT**

B

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services


09-58436

EVANGELINO SANABRIA

PLAINTIFF(S),

VS.

XL SPECIALTY INSURANCE COMPANY

DEFENDANT(S).

_____ /

SUMMONS, COMPLAINT

CASE #:      09-75647 CA 01 (13)
COURT:      CIRCUIT COURT
COUNTY:    MIAMI-DADE
DFS-SOP#: 09-58436

RECEIVED
EXTON LEGAL

OCT 2 7 2009

XL INSURANCE

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 23rd day of October, 2009 and a copy was forwarded by Electronic Delivery on the 27th day of October, 2009 to the designated agent for the named entity as shown below.

    XL SPECIALTY INSURANCE COMPANY
    TONI ANN PERKINS   (toni.perkins@xlgroup.com)
    XL AMERICA, INC.
    70 SEAVIEW AVE
    STAMFORD CT 06902

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JORGE L. CARBONELL, JR.
SUITE 201                                                                          AJ1
2330 PONCE DE LEON BLVD.
CORAL GABLES FL 33134

Division of Legal Services - Service of Process Section
200 East Gaines Street   - P.O. Box 6200 - Tallahassee, Florida 32314-6200  -  (850) 413-4200  -  Fax (850) 922-2544


EXHIBIT
C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____-CIV-_____

EVANGELINO SANABRIA,

     Plaintiff,

vs.

XL SPECIALTY INSURANCE COMPANY,

     Defendant.

_____/

### XL SPECIALTY INSURANCE COMPANY'S ANSWER WITH AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

     COMES NOW, the Defendant, XL SPECIALTY INSURANCE COMPANY (hereinafter "XL SPECIALTY") a foreign corporation authorized to do business in the State of Florida, by and through its undersigned attorneys and files this Answer with Affirmative Defenses and Demand for Jury Trial to EVANGELINO SANABRIA's (hereinafter "SANABRIA") Complaint, stating as follows:

1.    That it admits the allegations contained in Paragraphs 1, 2 and 4 for jurisdictional purposes only.

2.    That with respect to Paragraph 3, it is denied in part. XL SPECIALTY is a Delaware corporation with its principal place of business in Delaware. All other allegations contained within Paragraph 3 are admitted.

3.    That with respect to Paragraph 5, it is denied and strict proof demanded thereon.

4.    That with respect to Paragraph 6, XL SPECIALTY denies that it issued a homeowners insurance policy to SANABRIA. XL SPECIALTY admits that it issued a Named Peril

1


EXHIBIT
D

Commercial Property Policy, Number ICS0966101867900, to EVANGELIO SANABRIA for property located at 963 NE 1st Avenue, Homestead, Dade County, Florida, with effective dates of November 12, 2004, through November 12, 2005, which provides coverage for damages caused by wind and hail. The liability of XL SPECIALTY to SANBRIA, if any, is limited to the terms and conditions of the policy, together with the applicable limits of liability contained therein. Each and every other allegation or inference referable to the insurance coverage afforded to SANABRIA by XL SPECIALTY is hereby denied and strict proof demanded thereon. A Certified Copy of Policy Number ICS0966101867900 is attached hereto as Exhibit "A".

5.       That with respect to Paragraph7, XL SPECIALTY admits the existence of the subject policy of insurance. The liability of XL SPECIALTY to SANABRIA, if any, is limited to the terms and conditions of the policy, together with the applicable limits of liability contained therein. Each and every other allegation or inference referable to the insurance coverage afforded to SANABRIA by XL SPECIALTY is hereby denied and strict proof demanded thereon.

6.       That with respect to Paragraph 8, it is denied and strict proof demanded thereon.

7.       That with respect to Paragraph 9, XL SPECIALTY denies that it admitted coverage for the alleged loss.   XL SPECIALTY admits that it assigned claim number ICAT-2008-V-0000005868 and assigned an insurance adjuster to inspect the alleged loss.

8.       That with respect to Paragraph 10, it is admitted.

9.       That with respect to Paragraph 11, XL SPECIALTY admits that no payments were issued to SANABRIA for his alleged loss and would further state that the claimed damages do not come within the terms and conditions of the policy of insurance. The liability of XL SPECIALTY to SANBRIA, if any, is limited to the terms and conditions of the policy, together with the

2

applicable limits of liability contained therein. Each and every other allegation or inference referable to the insurance coverage afforded to SANABRIA by XL SPECIALTY is hereby denied and strict proof demanded thereon.

10.     That with respect to Paragraph 12, XL SPECIALTY admits that no payments were issued to SANABRIA for his alleged loss and would further sate that the claimed damages do not come within the terms and conditions of the policy of insurance. The liability of XL SPECIALTY to SANBRIA, if any, is limited to the terms and conditions of the policy, together with the applicable limits of liability contained therein. Each and every other allegation or inference referable to the insurance coverage afforded to SANABRIA by XL SPECIALTY is hereby denied and strict proof demanded thereon.

11.     That with respect to Paragraph 13, it is denied and strict proof demanded thereon.

12.     That with respect to Paragraph 14, XL SPECIALTY is without specific knowledge as to the arrangements between counsel and SANABRIA; and therefore, denies said allegations, however, XL SPECIALTY admits that pursuant to Section 627.428, Florida Statutes, SANABRIA would be entitled to a reasonable attorney's fee and costs should he prevail in this action.

13.     That with respect to Paragraph 15, XL SPECIALTY admits the existence of the subject policy of insurance. The liability of XL SPECIALTY to SANBRIA, if any, is limited to the terms and conditions of the policy, together with the applicable limits of liability contained therein. Each and every other allegation or inference referable to the insurance coverage afforded to SANABRIA by XL SPECIALTY is hereby denied and strict proof demanded thereon.

14.     That with respect to Paragraph 16, XL SPECIALTY admits that SANABRIA has paid all

3

premiums due for the subject policy.  Any and all other allegations or inferences of said paragraph are hereby denied and strict proof demanded thereon.

15.     That with respect to Paragraph 17, XL SPECIALTY admits that no payments were issued to SANABRIA for his alleged loss and would further state that the claimed damages do not come within the terms and conditions of the policy of insurance. The liability of XL SPECIALTY to SANBRIA, if any, is limited to the terms and conditions of the policy, together with the applicable limits of liability contained therein.  Each and every other allegation or inference referable to the insurance coverage afforded to SANABRIA by XL SPECIALTY is hereby denied and strict proof demanded thereon.

16.     That with respect to Paragraph 18(i) and Paragraph 18(ii), the allegations are denied and strict proof demanded thereon.  Any and all other allegations or inferences of said paragraphs are hereby denied and strict proof demanded thereon.

17.     That with respect to Paragraph 19, it is denied and strict proof demanded thereon.

18.     That any and all other allegations of the complaint not hereinbefore admitted are hereby denied and strict proof demanded thereon.

19.     That XL SPECIALTY demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

XL SPECIALTY affirmatively alleges that it issued a Named Peril Commercial Property Policy to SANABRIA which provides coverage for damages caused by wind and hail.  The subject policy provides as follows:

### NAMED PERIL COMMERCIAL PROPERTY COVERAGE FORM

### Part I - General Provisions

4

**Article I**     **Insuring Agreement.**

This Policy insures against direct physical loss or damage to Covered Property the direct result of a Cause of Loss covered hereunder, as provided and defined by the attachment of one or multiple Cause of Loss Coverage Endorsement Forms, while the property is located at a Covered Location.

. . .

**Article IV**     **Property or Interest Covered.**

This Policy covers only the property or interests (hereinafter collectively or individually referred to as Covered Property) described in this Article IV and only to the extent that such property or interests are shown as covered in the Declarations Page, Schedule A, and except as hereinafter excluded.

**Coverage A:  Building(s) and/or Structure(s),** including additions and extensions permanently attached to the building(s) or structure(s); and all property belonging to and constituting a permanent part of said building(s) and/or structures(s) and pertaining to the service, upkeep, maintenance and operation thereof.

. . .

## WIND AND HAIL CAUSE OF LOSS COVERAGE ENDORSEMENT FORM 204

### THIS ENDORSEMENT CHANGES YOUR POLICY.  PLEASE READ IT CAREFULLY.

I.     This Policy provides coverage for loss or damage directly caused by wind and hail.

II.    Notwithstanding the foregoing, coverage provided by this Endorsement does not include loss, damage or expense to the interior or exterior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand, or dust, whether driven by wind or otherwise, unless the building or structure first sustains wind or hail damage to its roof, walls, doors, or windows through which the rain, snow, sand or dust enters.

All other terms and conditions of this Policy remain.

. . .

XL SPECIALTY denies that the loss claimed is compensable under the subject insurance

5

policy. The above-referenced policy provisions provide SANABRIA coverage for damages caused by wind or hail, the Plaintiff has failed to provide any reports or other documentation to support the claim that the damages were caused by wind damage from Hurricane Wilma.

**SECOND AFFIRMATIVE DEFENSE**

XL SPECIALTY affirmatively alleges that SANABRIA failed to timely notify the Company of his alleged Hurricane Wilma loss and failed to comply with his conditions and obligations under the policy. The subject policy provides in pertinent parts as follows:

. . .

**Part II – Loss Provisions**

**Article XV    Notice of Loss**

> You shall, as soon as practicable, report in writing to Us every loss, damage or occurrence which may give rise to a claim under this Policy. You shall also file with Us or Our representative a signed, detailed and sworn proof of loss within 60 days after Our request for such sworn proof of loss. We will provide You with the necessary forms.

**Article XVI    Responsibility of Named Insured; Protection of Property**

> A.    You shall take all reasonable steps to protect Covered Property from further damage following loss or damage to Covered Property. However, We will not pay for any subsequent loss, damage or expense to such Covered Property the result of a Cause of Loss not covered under this Policy.

> B.    You shall keep a record of expenses incurred to protect the Covered Property following loss for consideration in the settlement of the claim.

. . .

XL SPECIALTY asserts that SANABRIA's approximate 3 year delay in reporting their alleged Hurricane Wilma damages violated Article XV of the subject policy and prejudiced XL SPECIALTY's investigation and adjustment of the claim. XL SPECIALTY also requested documentation from SANABRIA to support its Sworn Statement in Proof of Loss, however,

6

SANABRIA failed to provide documentation to support its Sworn Statement in Proof of Loss, violating both Article XV and Article XVI.

### THIRD AFFIRMATIVE DEFENSE

XL SPECIALTY affirmatively alleges that the damages claimed within SANABRIA's complaint are not covered under the provisions of this policy of insurance and/or are excluded from coverage.

### FOURTH AFFIRMATIVE DEFENSE

XL SPECIALTY affirmatively alleges that SANABRIA has violated the Concealment, Misrepresentation and Fraud provision of the subject policy which states as follows:

**NAMED PERIL COMMERCIAL PROPERTY COVERAGE FORM**

**Part I – General Provisions**

. . .

**Article XIV    Concealment, Misrepresentation and Fraud**

> This entire Policy shall be void if, whether before or after a loss, You have concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or Your interest therein. This Policy shall be void in case of any fraud or false swearing by You relating thereto.

. . .

XL SPECIALTY submits that the estimate submitted by SANABRIA's Public Adjuster is overinflated, exaggerated, and fraudulent. Specifically, said estimate provides for the replacement of eight air conditioning units at the cost of $985.21 each, but Mr. Sanabria testified at his Examination Under Oath that he replaced only three after the hurricane, and that he paid about $400 for each. Also, the estimate includes regrouting the tile in four kitchens, and

replacing the insulation and drywall in those four units.  However, no damage was observed to these items, and no supporting documentation for these repairs has been submitted.  Further, XL SPECIALTY contends that the estimate to replace the roofs of the buildings is also inflated.

### FIFTH AFFIRMATIVE DEFENSE

XL SPECIALTY affirmatively asserts that appraisal is inappropriate for this case as SANABRIA has failed to provide documentation requested by XL SPECIALTY to support his Sworn Statement in Proof of Loss and SANABRIA has failed to establish that there is a dispute as to the amount of loss caused by wind.  The subject policy provides in pertinent parts as follows:

**Article XV**    **Notice of Loss**

You shall as soon as practicable, report in writing to Us every loss, damage or occurrence which may give rise to a claim under this Policy. You shall also file with Us or Our representative a signed, detailed and sworn proof of loss within 60 days after Our request for such sworn proof of loss. We will provide You with the necessary forms.

. . .

**Article XXVI**      **Appraisal**

If You and We fail to agree as to the value of the property or amount of loss, damage or expense, each shall, on the written demand of either, select a competent and impartial appraiser. The appraisal shall be made at a reasonable time and place.  The appraisers shall first select a competent and impartial umpire. Failing for fifteen (15) days to agree upon such umpire, then, on the request of the Named Insured or the Company, such shall be selected by a judge of a court of record in the state in which such appraisal is pending.  The appraisers shall then appraise the loss, stating separately the value at the time of loss and the amount of loss. Failing to agree, they shall submit their differences to the

8

umpire. A decision agreed to by any two shall determine the amount of loss and shall be binding. You and We shall each pay our chosen appraiser and shall bear equally the other expenses of the appraisal and umpire. We shall not be held to have waived any of Our rights by any act relating to appraisal.

Dated: November 13, 2009          Respectfully submitted,
       Daytona Beach, Florida

*Marjorie M. Salazar*

MICHAELA D. SCHEIHING, ESQUIRE
Florida Bar Number 0931853
mscheihing@boehmbrown.com
Boehm, Brown, Fischer, Harwood,
  Kelly & Scheihing, P.A.
113 Executive Circle
Daytona Beach, Florida 32120
Telephone (386) 258-3341
Facsimile (386) 258-0252
Attorney for Defendant
XL Specialty Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on the 13th of November, 2009, by First Class U. S. Mail and Facsimile to all counsel or parties of record on the attached service list.

*Marjorie M. Salazar*

MICHAELA D. SCHEIHING, ESQUIRE

9

 **XL SPECIALTY INSURANCE COMPANY** 

ADMINISTRATIVE OFFICE
Seaview House
70 Seaview Avenue
Stamford, CT 06902-6040
(800) 688-1840

HOME OFFICE
1201 N. Market Street
Suite 501
Wilmington, DE 19801-1147
(800) 688-1840

**Policy Number**
ICS0966101867900

Page 1 of 3
**NAMED PERIL COMMERCIAL PROPERTY
DECLARATIONS PAGE AND SCHEDULE A**

XLS ICAT NPCP 50(a) (08 03)
11/16/2004

| Policy Period | | Term | Policy Inception Date |
|---|---|---|---|
| From: 11/12/2004 | 12:01 am Standard Time* | 12 months | 11/12/2004 |
| To: 11/12/2005 | 12:01 am Standard Time* | | |

\* At the Named Insured Mailing Address shown below

| PRODUCER | 5150492 | (954) 473-4488 | NAMED INSURED: |
|---|---|---|---|

BASS UNDERWRITERS
ATTN  JANICE
1067 SHOTGUN ROAD
FT LAUDERDALE, FL 33326

EVANGELIO SANABRIA
963 NE 1 AVE
HOMESTEAD, FL 33030

*This is a true and certified copy
Company Representative
Date:* ____ 12/11/08

### This Policy is comprised of the following Forms and Endorsements:

| | | | | |
|---|---|---|---|---|
| XLS ICAT NPCP 50(a) (08 03) | XLS ICAT NPCP 50(a) SA (08 03) | XLS ICAT NPCP 50 FL Notice (08 03) | XLS ICAT NPCP 100 (08 03) | XLS ICAT NPCP 204 (08 03) |
| XLS ICAT NPCP 204(a) (08 03) | XLS ICAT NPCP 207 (08 03) | XLS ICAT NPCP 208(x) (08 03) | XLS ICAT NPCP 400 (08 03) | XLS ICAT NPCP 400(ex) (08 03) |
| XLS ICAT NPCP 500 (08 03) | XLS ICAT NPCP 600 FL (08 03) | XLS ICAT NPCP 600(a) FL (08 03) | XLA Privacy (04 03) | IL MP 9104 0704 XLS (07 04) |

### COMMON POLICY CONDITIONS

In return for the payment of the premium and fees, and subject to all the terms of this Policy, We agree with You to provide the insurance as stated in this Policy.

**See Schedule A attached to this Declarations Page for Coverages, Deductibles and Limits of Insurance.**

| Your Annual Premium and Fees are: | | |
|---|---|---|
| Annual Premium | $ | 1 278 00 |
| Inspection Fee | | 100 00 |
| Policy Fee | | 150 00 |
| EMPA Fee | | 4 00 |
| Total | $ | 1,532.00 |

## This policy is only intended to provide coverage that is supplemental to coverage provided by a comprehensive property policy. This Policy contains a separate deductible for hurricane losses which may result in high out-of-pocket expenses to you.

THIS DECLARATIONS PAGE AND SCHEDULE A ATTACHED HERETO, TOGETHER WITH THE NAMED PERIL COMMERCIAL PROPERTY POLICY FORM (XLS ICAT NPCP 100 (08 03)) AND ENDORSEMENTS, IF ANY ATTACHED HERETO COMPLETE THIS CONTRACT OF INSURANCE

International Catastrophe Insurance Managers, LLC (ICAT) is a licensed agent authorized to conduct business in the state of Florida. This policy has been issued by ICAT, representing XL Specialty Insurance Company in accordance with authorization granted to ICAT by XL Specialty Insurance Company

| | Boulder, CO | 11/16/2004 |
|---|---|---|
| Authorized Signature | Countersigned at Insured | Countersignature Date |



**EXHIBIT
A
To Answer)**

2008-1070
000040



**XL SPECIALTY INSURANCE COMPANY**



ADMINISTRATIVE OFFICE
Seaview House
70 Seaview Avenue
Stamford, CT 06902-6040
(800) 688-1840

HOME OFFICE
1201 N. Market Street
Suite 501
Wilmington, DE 19801-1147
(800) 688-1840

| Policy Number | Page 2 of 3 | XLS ICAT NPCP 50(a) SA (08 03) |
|---|---|---|
| ICS0966101867900 | NAMED PERIL COMMERCIAL PROPERTY POLICY DECLARATIONS PAGE AND SCHEDULE A | 11/16/2004 |

**Schedule A**

Location #: 1
Building #: 1    963 NE 1ST AVE  HOMESTEAD, FL 33030

| | |
|---|---|
| Coverage Basis | Replacement Cost |
| Coinsurance | Waived |
| Windstorm protective Device Credit | N |
| Pollutant Clean Up & Removal | Included |
| Electronic Data Processing Coverage | Not Selected |
| Terrorism Coverage (as it relates to an otherwise covered cause of loss ) . | Included |

| | | Deductible | |
|---|---|---|---|
| **Location #: 1    Building #: 1    Covered Property Limit of Insurance** | | **Named Hurricane** | **All Other Wind/Hail** |
| Coverage A: Building | $270,000 | $8,100 representing 3% of Coverage A limit of insurance. | $8,100 representing 3% of Coverage A limit of insurance. |
| Coverage B: Business Personal Property | N/A | N/A | N/A |
| Coverage C: Tenant Improvements and Betterments | N/A | | |
| Coverage E: Business Income; Rental Value; Extra | N/A | N/A | N/A |
| Coverage F: Ordinance or Law | | | |
| Part A: | N/A | N/A | |
| Part B and C (Combined Limit): | N/A | | |

Insured

2008-1070
000041



**XL SPECIALTY INSURANCE COMPANY**



ADMINISTRATIVE OFFICE
Seaview House
70 Seaview Avenue
Stamford, CT 06902-6040
(800) 688-1840

HOME OFFICE
1201 N. Market Street
Suite 501
Wilmington, DE 19801-1147
(800) 688-1840

Page 3 of 3

| **Policy Number** | NAMED PERIL COMMERCIAL PROPERTY POLICY | XLS ICAT NPCP 50(a) SA (08 03) |
|---|---|---|
| ICS0966101867900 | DECLARATIONS PAGE AND SCHEDULE A | 11/16/2004 |

Schedule A

Location #:  1

Coverage D:  Additional Property Coverage     No Additional Property Coverage at this location

Insured

**2008-1070
000042**

# XL SPECIALTY INSURANCE COMPANY

IMPORTANT NOTICE                                              AVISO IMPORTANTE

| To obtain information or make a complaint: | Para obtener informacion o para someter una queja: |
|---|---|
| You may call XL SPECIALTY INSURANCE COMPANY's toll-free telephone number for information or to make a complaint at:<br><br>**1-800-688-1840**<br><br>You may also write to XL SPECIALTY INSURANCE COMPANY at:<br><br>1201 North Market Street<br>Suite 501<br>Wilmington, DE   19801 | Usted puede llamar al numero de telefono gratis de XL SPECIALTY INSURANCE COMPANY's para informacion o para someter una queja al:<br><br>**1-800-688-1840**<br><br>Usted también puede escribir a XL SPECIALTY INSURANCE COMPANY :<br><br>1201 North Market Street<br>Suite 501<br>Wilmington, DE   19801 |
| **PREMIUM OR CLAIM DISPUTES:**<br>Should you have a dispute concerning your premium or about a claim you should contact your agent first   If the dispute is not resolved, you may contact either XL SPECIALTY INSURANCE COMPANY or the Florida Department of Insurance. | **DISPUTAS SOBRE PRIMAS O RECLAMOS:**<br>Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el agente primero   Si no se resuelve la disputa, puede entonces comunicarse con XL SPECIALTY INSURANCE COMPANY o el Departamento de Seguros de Florida. |
| **ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document | **UNA ESTE AVISO A SU POLIZA:**  Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto. |

2008-1070
000043

# XL SPECIALTY INSURANCE COMPANY

## NAMED PERIL COMMERCIAL PROPERTY COVERAGE FORM

### Part I - General Provisions

**Article I**     Insuring Agreement

This Policy insures against direct physical loss or damage to Covered Property the direct result of a Cause of Loss covered hereunder as provided and defined by the attachment of one or multiple Cause of Loss Coverage Endorsement Forms while the property is located at a Covered Location

**Article II**     Policy Effective Date.

This Policy covers loss or damage to Covered Property from all Causes of Loss covered herein arising out of losses occurring during the Policy Period shown in the Declarations Page

**Article III**     Cancellation Provisions.

See the "State Specific" Endorsement Form 600 that is attached to this Policy

**Article IV**     Property or Interest Covered.

This Policy covers only the property or interests (hereinafter collectively or individually referred to as Covered Property) described in this Article IV and only to the extent that such property or interests are shown as covered in the Declarations Page Schedule A and except as hereinafter excluded

   **Coverage A:**     Building(s) and/or Structure(s) including additions and extensions permanently attached to the building(s) or structure(s); and all property belonging to and constituting a permanent part of said building(s) and/or structure(s) and pertaining to the service upkeep maintenance and operation thereof

   **Coverage B:**     Business Personal Property defined as:

      1     Stock

      2     Materials and supplies usual or incidental to the Operations of the Named Insured and like property of others in the Named Insured's care custody or control and for which the Named Insured is legally liable.

      3     Furniture, fixtures equipment and machinery that are the property of the Named Insured and like property of others in the care custody or control of the Named Insured and for which the Named Insured is legally liable

      Business Personal Property is covered only so long as it is located at a Covered Location

   **Coverage C:**     The Named Insured's interest in Tenant Improvements and Betterments made at the expense of the Named Insured including fixtures, alterations installations or additions comprising part of a building(s) but only when such building is occupied but not owned by the Named Insured

   **Coverage D:**     Additional Property Coverage defined as property (which is not a permanent part of a building or structure covered under Coverage A of this Article IV) that is located at a Covered Location and is specifically identified in the Declarations Page Schedule A Additional Property Coverage

   **Coverage E:**     Loss of Business Income; Rental Value; Extra Expense as provided in Endorsement Form ICAT NPCP 300.

   **Coverage F:**     Ordinance or Law Coverage as provided in Endorsement Form ICAT NPCP 302

**Article V**     Coverage Extensions

   A     Debris Removal

      1     This Policy covers expenses incurred in the removal of debris when the debris is directly caused by a covered Cause of Loss These expenses will be paid only if they are reported to Us within 180 days of the date the covered Cause of Loss occurred

      2     The most that We will pay under this coverage extension for debris removal is 25% of the amount We

2008-1070
000044

actually pay for the direct physical loss or damage to Covered Property under Coverage Sections A  B  C and D  as applicable, defined in Article IV  Payments We make under this debris removal coverage extension are included in and part of the Limit of Insurance of Coverage Sections A  B, C and D  This coverage extension does not increase the Limit of Insurance shown in the Declarations Page  Schedule A.

3       However  in the event that the sum of direct physical loss or damage under Coverage Sections A  B, C and D plus the cost of debris removal exceeds the sum of the Limit of Insurance under Coverage Sections A  B  C and D, then We will pay up to an additional $10,000 for debris removal at each Covered Location in any one occurrence  In no event shall Our coverage for debris removal exceed an amount equal to 25% of what We actually pay for direct physical loss or damage under Coverage Sections A  B  C and D

4       This coverage extension for debris removal does not cover the loss  damage or expense to:

       a     Extract Pollutants from land or water

       b     Remove  restore or replace polluted land or water

       c     Test for, monitor, clean up, remove, restore  replace  contain  treat  detoxify or neutralize  or in any way respond to or access the effects of Pollutants

       d     Investigate or defend any loss  injury  or damage, or for any costs  fine  or penalty or for any expense or claim or suit related to any of the above

       Pollutants means any solid  liquid, gaseous or thermal irritant or contaminant  including smoke, vapor soot, fumes, acids  alkalis  chemicals and waste  Waste includes materials to be recycled  reconditioned or reclaimed

B       **Preservation of Property**

If it is necessary to move Covered Property from a Covered Location to preserve it from loss or damage from a covered Cause of Loss under this Policy  then We will pay for any direct physical loss or damage to that Covered Property from a covered Cause of Loss under this Policy while it is being moved or while temporarily stored at another location. This coverage shall apply only if the loss or damage to the Covered Property occurs within 30 days after the Covered Property is first moved.  This coverage extension does not increase Our Limit of Insurance for Covered Property as shown in the Declarations Page, Schedule A

**Article VI**     **Covered Location.**

A Covered Location is defined to mean the premises at the address of a building or structure insured hereunder, or the premises at the address of a building or structure housing Business Personal Property insured hereunder  as shown in the Declarations Page  Schedule A

**Article VII**     **Limit of Insurance.**

A      Our Limit of Insurance shall not exceed the Limit of Insurance shown in the Declarations Page  Schedule A

B      If two or more Causes of Loss covered by this Policy contribute to loss or damage to Covered Property in the same Occurrence  We will pay no more than the lesser of:

      1    The actual amount of the loss or damage to the Covered Property

      2    Or our Limit of Insurance for the Covered Property as shown in the Declarations Page  Schedule A

**Article VIII**     **Valuation.**

We shall not pay more than the Actual Cash Value of the Covered Property at the time of loss or damage from a covered Cause of Loss  The loss or damage shall be ascertained according to such Actual Cash Value  Actual Cash Value will be determined based on the replacement cost of the property less depreciation (however caused)  but in no event shall such amount exceed what it would then cost to repair or replace the Covered Property with material of like kind and quality at the same location  nor the amount for which the Named Insured may be liable

**Article IX**     **Deductible.**

See the Deductible Endorsement Form that is attached to this Policy

2008-1070
000045

**Article X**        **Property and Interests Excluded.**

Unless specifically added by Endorsement, or included as Covered Property under Coverage D of Article IV and specifically listed in the Declarations Page Schedule A the following property and interests are not Covered Property and are excluded from coverage under this Policy:

1   Accounts, bills, currency, deeds, food stamps money, notes or other evidences of debt, securities stamps, original drawings and specifications letters of credit passports tickets (including lottery tickets) manuscripts bullion gift certificates and valuable papers

2   Fine arts jewelry precious stones antiques and furs

3   Animals birds and fish unless owned by others and boarded by You If owned by You, only as Stock while inside of buildings Growing plants trees or shrubs except when held for sale or when used for decorative purposes inside buildings. Growing crops or lawns

4   Motor vehicles licensed or designed principally for road or highway use Motorcycles motor scooters and other similar vehicles licensed or designed principally for road or highway use

5   Watercraft and aircraft

6   Mobile homes and manufactured homes

7   Trailers designed to haul or transport goods materials vehicles and any other substance or product

8   Property sold by You under conditional sales trust agreements installment payments or other deferred payment plans after delivery to customers

9   Property in transit except as provided in Article V Paragraph B and railroad rolling stock

10  Machinery and equipment in the open including gas pumps

11  Contractors' equipment including trailers used to transport such equipment

12  Electronic data processing systems, their equipment and component parts, including computers, electronic accounting machines and all supporting machinery Magnetic tapes, discs, cards and any storage device Electronic data processing media including data, records, and all software Procedures and programs or source material of any kind and all forms of converted data or programs and/or instruction vehicles used in Your data processing operations

13  Buildings or structures in the course of construction, including materials and supplies except alterations and repairs on or within the existing walls of existing buildings or structures insured by this Policy

14  Power transmission and/or feeder lines

15  Land including but not limited to land on which the Covered Property is located or water howsoever and wherever located, or any interest or right therein

16  The cost to research, replace or restore any and all information pertaining to valuable papers and records Including but not limited to valuable papers and records which exist on electronic digital or magnetic media

17  Grain hay straw or other crops while outside of buildings

18  Fences including property line walls latticework and trellises

19.  Radio or television antennas and satellite dishes including their lead-in wiring masts or towers all while outside of buildings

20   Bridges dams tunnels roadways walks walkways patios or other paved surfaces

21.  The cost of excavations grading backfilling or filling

22  Foundations of buildings structures machinery or boilers if their foundations are below:

   a   The lowest basement floor

   b   Or the surface of the ground if there is no basement

23  Bulkheads seawalls pilings piers wharves or docks that are not a part of a covered foundation of a building and/or structure

Page   3   of   10        XLS ICAT NPCP 100 (08 03)

covered under Coverage A of Article IV

24    Retaining walls

25    Underground pipes, pipelines flues or drains

26    Pools (whether in the ground or above the ground) including spas hot tubs and jacuzzis located outdoors ponds lakes, waterfalls or fountains

27    Signs (attached and not attached to a building) unless held for sale and Coverage B of Article IV is applicable to such signs

28    Awnings and canopies whether attached or not attached to a building or structure Including awnings and canopies over gas pumps

29    Light poles and street signs.

30.   Boardwalks catwalks trestles and bridges

31    Greenhouses shade houses hot houses and glass houses

32    Other buildings and structures at a Covered Location not specifically described and included as Covered Property in the Declarations Page Schedule A

**Article XI        Excluded Causes of Loss.**

This Policy provides coverage for direct physical loss or damage to Covered Property caused by only the (those) Covered Cause(s) of Loss defined in the Cause of Loss Coverage Endorsement Form(s) attached to this Policy Loss or damage from all other Causes of Loss whether caused directly or indirectly, are excluded from coverage under this Policy The exclusions listed in this Article XI are added to this Policy for clarity The inclusion of these exclusions shall in no way limit the excluded Causes of Loss applicable to this Policy nor in any way expand the Causes of Loss covered by this Policy Loss, expense, and damage the result of a Cause of Loss included in this list of exclusions are excluded from coverage hereunder, whether a covered Cause of Loss that is covered by this Policy contributes concurrently or in any sequence to any loss, expense, or damage.

1.    Earth movement including but not limited to loss damage or expense caused by resulting from contributing to or aggravated by:

    a    Earthquake

    b    Landslide

    c    Mudslide

    d    Mudflow

    e    Rockslide

    f    Earth sinking rising shifting or settling and any resulting need for land stabilization, but not including Subsidence or Sinkhole Collapse

      Subsidence or Sinkhole Collapse means the Sinking or collapse of land

2     Tsunami

3.    Subsidence or Sinkhole Collapse   Subsidence or Sinkhole Collapse means the sinking or collapse of land

4     Sprinkler leakage; and water, other liquids powder or other material that leaks or flows from fire protection systems or other equipment including damage from leaking fire protective sprinklers

5     Flood which is defined to include:

Waves storm surge tide or tidal water, and the rising (including the overflow or breaking of boundaries) of lakes ponds, reservoirs, rivers, harbors streams foundations and other similar bodies of water or surface waters rain accumulation or run off, or by spray from any of the foregoing, whether driven by wind or not and including:

    a    The backing up of sewers or drains

    b    Water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks driveways walls, basement or other floors or through doors windows or any other opening in such driveways sidewalks foundations walls or floors.

Page   4   of   10        **XLS ICAT NPCP 100 (08 03)**

2008-1070
000047

6      Water liquid or any other substance that backs up or overflows from a sewer sump or drain

7      Riot civil commotion insurrection, rebellion revolution civil war usurped power or action taken by governmental authority in hindering combating or defending against any such occurrence. Seizure or destruction under quarantine or customs regulation confiscation by order of any government or public authority or risks of contraband or illegal transportation or trade

8      Dampness of atmosphere dryness of atmosphere. Changes in or extremes of temperature Shrinkage, evaporation loss of weight Rust or corrosion Exposure to light Contamination Fungus, mildew wet rot dry rot deterioration decay Hidden or latent defect. Change in flavor or color or texture or finish All whether loss or damage from such excluded Causes of Loss is direct or indirect proximate or remote or be in whole or in part caused by contributed to or aggravated by a Cause of Loss covered under this Policy

9      Enforcement of any ordinance or law regulating the reconstruction, use or repair of any Covered Property or requiring the demolition or tearing down of any property Including the cost of enforcement of any ordinance or law regulating the removal of debris

10     Hostile or warlike action including but not limited to acts of terrorism in time of peace or war by any individual, group government or sovereign power Including action in hindering combating or defending against an actual impending or expected attack:

       a      By any individual, group, government or sovereign power (de jure or de facto) or by any authority maintaining or using military naval or air forces

       b      By military naval or air forces

       c      By any agent of any such government, power, authority or forces

       d      Any weapon of war employing atomic fission or radioactive force whether in time of peace or war

11     Nuclear reaction or nuclear radiation or radioactive contamination All whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote or be in whole or in part caused by contributed to or aggravated by a Cause of Loss covered under this Policy

12     The failure of power or other utility service however caused and wherever such failure should occur.

13     The mere existence, occurrence discharge dispersal, seepage migration release escape or use of Pollutants This includes but is not limited to loss damage or expense to:

       a      Extract Pollutants from land or water

       b      Remove restore or replace polluted land or water

       c      Test for, monitor, clean up, remove restore replace contain treat detoxify or neutralize or in any way respond to or access the effects of Pollutants

       d      Investigate or defend any loss injury or damage or for any costs fine or penalty or for any expense or claim or suit related to any of the above

       Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor soot fumes acids alkalis chemicals and waste Waste includes materials to be recycled reconditioned or reclaimed

13     Any loss damage or expense, or increase in loss damage or expense caused by or resulting from:

       a      The removal encapsulation, covering, or any manner of control or abatement from any goods products or structure of asbestos dioxin or polychlorinated biphenyls

       b      The demolition increased cost of construction, repair debris removal or loss of use necessitated by the enforcement of any law or ordinance regulating asbestos dioxins or polychlorinated biphenyls

       c      Any governmental direction or request declaring that asbestos material present in or part of or utilized on any undamaged portion of the Named Insured's property can no longer be used for the purpose for which it was intended or installed and must be removed or modified

       d      The presence of asbestos in any building or structure whether covered or not covered by this Policy

**2008-1070**
**000048**

**Article XII**       **Other Insurance.**

In the event the Named Insured has other insurance (meaning insurance in the name of the Named Insured, including insurance not written on the identical, terms, conditions, and provisions contained in this Policy) protecting Covered Property against the same Cause of Loss covered by this Policy, and such other insurance is in force at the time of any loss hereunder then the provisions of this insurance shall not apply unless the liability of the other insurance has been fully exhausted. Then only to the extent the Named Insured has not been fully indemnified by such other insurance. The provisions of this Article do not increase Our Limit of Insurance in this Policy.

**Article XIII**      **Records and Inventory; Examination of Records.**

The Named Insured shall keep accurate books records and accounts in the following manner:

A    A detailed and itemized inventory record of all Covered Property shall be maintained and physical inventory shall be taken periodically at intervals not more than twelve (12) months apart.

B    The Named Insured shall, as often as may be reasonably required during the term of this Policy and for one (1) year thereafter produce for examination by Us all the books and records inventories and accounts relating to Covered Property.

**Article XIV**      **Concealment, Misrepresentation and Fraud.**

This entire Policy shall be void if, whether before or after a loss, You have concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or Your interest therein. This Policy shall be void in case of any fraud or false swearing by You relating thereto.

## Part II - Loss Provisions

**Article XV**       **Notice of Loss.**

You shall, as soon as practicable, report in writing to Us every loss, damage or occurrence which may give rise to a claim under this Policy. You shall also file with Us or Our representative a signed, detailed and sworn proof of loss within 60 days after Our request for such sworn proof of loss. We will provide You with the necessary forms.

**Article XVI**      **Responsibility of Named Insured; Protection of Property.**

A    You shall take all reasonable steps to protect Covered Property from further damage following loss or damage to Covered Property. However, We will not pay for any subsequent loss damage or expense to such Covered Property the result of a Cause of Loss not covered under this Policy

B    You shall keep a record of expenses incurred to protect the Covered Property following loss for consideration in the settlement of the claim

C    If feasible You shall set the damaged property aside and in the best possible order for examination

D.   The provisions of this Article do not increase Our Limit of Insurance in this Policy.

**Article XVII**     **Assistance and Cooperation of the Named Insured.**

You shall cooperate with Us in the investigation or settlement of any claim. In the event this Policy covers Your liability, You shall cooperate with Us. Upon Our request You shall attend hearings and trials and shall assist in effecting settlements. You shall assist in securing and giving evidence and obtaining the attendance of witnesses and in the conduct of suits. You shall not voluntarily make payment assume any obligation or incur any expense without Our written consent.

**Article XVIII**    **Abandonment.**

There can be no abandonment of any property to Us

**Article XIX**      **Suit.**

No suit action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless:

A    You are in full compliance with all of the terms of this Policy

B    And the same be commenced within five (5) years after the occurrence which gives rise to the claim

2008-1070
000049

**Article XX**  **Claims Against Third Parties.**

In the event of any loss, damage or expense to Covered Property, You shall, as soon as practically possible, make claim in writing against the carrier(s) bailee(s) or other third party who may be responsible in whole or in part for the loss damage or expense or for any increase in loss damage or expense

**Article XXI**  **Subrogation Waiver.**

This insurance shall not be prejudiced by agreement made by You releasing or waiving Your right to recovery against third parties responsible for loss damage or expense to Covered Property except under the following conditions:

A    Whether made before or after loss has occurred such agreement must be in writing and must release or waive Your entire right of recovery against such third party

B    If made before loss has occurred such written agreement may run in favor of any third party

C    If made after loss has occurred such written agreement may run only in favor of a third party falling within one of the following categories at the time of loss:

  1    A third-party Named Insured under this Policy

  2.   Or a business firm which:

    a    Is owned or controlled by You or in which You own capital stock or other proprietary interest

    b    Or owns or controls You or owns or controls capital stock or other proprietary interest in the Named Insured

**Article XXII**  **Examination Under Oath**

A    You shall as often as may be reasonably required, exhibit to any person designated by Us all that remains of any Covered Property. You shall submit and insofar as is within Your power cause Your employees and others to submit to examinations under oath by any person named by Us As often as may be reasonably required, You shall produce for examination all writings, books of account bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by Us. You shall permit extracts and copies thereof to be made

B    No such examinations under oath or examination of books or documents nor any other act by Us or any of Our employees or representatives in connection with the investigation of any loss or claim hereunder shall be deemed a waiver of any defense which We might otherwise have with respect to any loss or claim All such examinations and acts shall be deemed to have been made or done without prejudice to Our liability

**Article XXIII**  **Privilege To Adjust With Owner.**

In the event of loss or damage to property of others held by You for which claim is made under this insurance the right to adjust and settle such loss or damage with the owner of the damaged property is reserved to the Company The receipt of payment made by Us in settlement of such claim by the owner or owners in satisfaction thereof shall be in full satisfaction of any claim of the Named Insured. If legal proceedings are taken to enforce a claim against You as respects any such loss or damage, We reserve the right, at Our option and without expense to You, to conduct and control the defense on behalf of and in the name of the Named Insured No action of the Company in such regard shall increase Our liability under this Policy, nor increase the Limit of Insurance specified in the Declarations Page Schedule A

**Article XXIV**  **Pair, Set Or Parts.**

A    In event of loss of or damage to any part of Covered Property consisting when complete for use or sale of several parts We shall only be liable for the value of the part lost or damaged

B    However for any article or articles which are a part of a pair or set the measure of loss of or damage to such article or articles shall be a reasonable and fair proportion of the total value of the pair or set We shall give consideration to the importance of said article or articles but in no event shall such loss damage or expense be construed to mean total loss of the pair or set

**Article XXV**  **Labels.**

In the event of loss or damage to labels capsules or wrappers insured hereunder the loss shall be adjusted on the basis of an amount sufficient to pay the cost of new labels capsules or wrappers

2008-1070
000050

**Article XXVI**       Appraisal.

If You and We fail to agree as to the value of the property or amount of loss, damage or expense, each shall  on the written demand of either, select a competent and impartial appraiser.  The appraisal shall be made at a reasonable time and place  The appraisers shall first select a competent and impartial umpire.  Failing for fifteen (15) days to agree upon such umpire, then, on the request of the Named Insured or the Company, such shall be selected by a judge of a court of record in the state in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the value at the time of loss and the amount of loss  Failing to agree, they shall submit their differences to the umpire  A decision agreed to by any two shall determine the amount of loss and shall be binding. You and We shall each pay our chosen appraiser and shall bear equally the other expenses of the appraisal and umpire  We shall not be held to have waived any of Our rights by any act relating to appraisal

**Article XXVII**      Company's Options.

    A    In the event of loss or damage to Covered Property under this Policy  at Our option  We will either:

        1    Pay the value of the damaged Covered Property

        2.    Or pay the cost of repairing, rebuilding or replacing with other property of like kind and quality the damaged Covered Property  subject to Paragraph B of this Article.

        3    Or take all or any part of the Covered Property at an agreed or appraised value

        4    Or repair, rebuild or replace the Covered Property with other property of like kind and quality  subject to Paragraph B of this Article

    B    The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property

    C    We will give You notice of Our intentions within 60 days after we receive Your sworn proof of loss

    D    We will not pay You more than Your financial interest in the Covered Property

**Article XXVIII**     Salvage and Recoveries.

All salvage, recoveries and payments recovered or received subsequent to the loss settlement under this Policy shall be applied as if recovered or received prior to said settlement  All necessary adjustments shall be made by the parties hereto

**Article XXIX**       Settlement of Loss.

We will pay for covered loss or damage within 60 days after We receive Your signed sworn proof of loss and You have complied with all of the terms of this Policy  and:

    A.    We have reached agreement with You on the amount of loss

    B    Or an appraisal award has been made

**Article XXX**        No Benefit To Others

This insurance shall in no way inure directly or indirectly to the benefit of any carrier  bailee or any other person or entity

### Part III - Other Provisions

**Article XXXI**       Inspection of Property and Operations.

We and any person or organization making inspections on Our behalf shall be permitted  but not obligated, to inspect Your property and operations at any time before or after loss  Neither the right of the Company and any person or organization to make such inspection  nor the making thereof, nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Named Insured or others  to determine or warrant that such property or operations are safe or healthful  Or comply with any laws, rules or regulations  nor does such inspection constitute a guarantee of an accurate or complete valuation of such Covered Property

Page   8   of   10          XLS  ICAT NPCP 100 (08 03)

**Article XXXII**     Premiums and Fees.

The first Named Insured shown in the Declarations Page is responsible for the payment of all premiums and fees due hereunder
Return premiums or fees due shall be paid to the first Named Insured unless otherwise required by law

**Article XXXIII**    Mortgagee.

A     If an Additional Interest is listed as a Mortgagee in the Declarations Page then the provisions of this Article XXXIII shall apply
to such Additional Interest

B     The term Mortgagee includes trustee

C     We will pay for covered loss of or damage to buildings or structures to each Mortgagee shown in the Declarations Page in
their order of financial precedence

D     The Mortgagee has the right to receive loss payment even if the Mortgagee has started foreclosure or similar action on the
building or structure

E     If We deny Your claim because of Your acts or because You have failed to comply with the terms of this Policy  the
Mortgagee will still have the right to receive loss payment if the Mortgagee:

1     Pays any premium due under this Policy at Our request if You have failed to pay any premium due under this Policy

2     And submits a signed  sworn statement of loss within 60 days after receiving notice from Us of Your failure to submit a
signed sworn statement of loss

3     And has notified Us of any change in ownership  occupancy or substantial change in risk known to the Mortgagee

All of the terms and conditions of this Policy will then apply directly to the Mortgagee.

F     If We pay the Mortgagee for any loss or damage and deny payment to You because of Your acts or because You have failed
to comply with the terms of this Policy:

1     The Mortgagee's rights under the mortgage will be transferred to Us to the extent of the amount We pay

2     And the Mortgagee's right to recover the full amount of the Mortgagee s claim will not be impaired

At Our option  We may pay to the Mortgagee the whole principal on the mortgage plus any accrued interest  In this event,
Your mortgage and note will be transferred to Us and You will pay Your remaining mortgage debt to Us

G     If We cancel this Policy  We will give written notice to the Mortgagee at least:

1     10 days before the effective date of cancellation if We cancel for Your nonpayment of premium

2     Or 30 days before the effective date of cancellation if We cancel for any other reason

H     If We elect not to renew this Policy  We will give written notice to the Mortgagee at least 10 days before the expiration date of
this Policy

**Article XXXIV**     Definitions.

When the following words appear in this Policy or any other forms or Endorsements attached hereto  they mean:

1     "Us " 'We   Our" and  the Company" mean XL SPECIALTY INSURANCE COMPANY

2     You"  "Your" and "the Named Insured" mean the Named Insured(s) identified in the Declarations Page

3     'Stock" means merchandise held in storage or for sale  raw materials and in-process or finished goods  including supplies
used in their packing or shipping

4     'Policy" means form XLS ICAT NPCP 100 and the Declarations Page  including Schedule A.  "Policy' also includes all
Endorsements and other forms attached thereto  See the Declarations Page for a listing of Endorsements included with this
Policy

5     Covered Property is as defined in Article IV and as specifically listed in the Declarations Page  Schedule A

XLS  ICAT NPCP 100 (08 03)

12.23.2008 9:51:54 AM

2008-1070
000052

6    Covered Location is as defined in Article VI

7    Limit of Insurance is as defined in Article VII

8    Operations means Your business activities occurring at the Covered Location

9    Occurrence means any one disaster accident or loss or series of disasters, accidents or losses which are covered Causes of Loss and are one event. The duration and extent of an Occurrence is limited to all loss or damage sustained by Covered Property during any period of 168 consecutive hours directly caused by the same event. The term Occurrence as regards loss or damage from wind and hail shall mean all loss sustained by Covered Property during any period of 72 consecutive hours directly caused by the same event

Article XXXV    **Forms and Endorsements; Changes.**

A    Forms and Endorsements  In addition to this form  XLS ICAT NPCP 100  there are Endorsements and a Declarations Page (including Schedule A) applicable to this Policy  These forms and Endorsements comprise this Policy  See the Declarations Page for a listing of Endorsements

B    Changes  This Policy contains all of the agreements between the Named Insured and the Company concerning the insurance coverage provided hereunder  The Named Insured shown in the Declarations Page is authorized to make changes in the terms of this Policy with the Company's consent  This Policy's terms can be amended or waived only by Endorsement issued by the Company and made a part of this Policy

IN WITNESS WHEREOF the Company has caused this Policy to be signed by its President and Secretary and countersigned on the Declarations by a duly authorized agent of the Company.

*Theresa M. Morgan*          *Nicholas M. Brown, Jr.*

SECRETARY                    PRESIDENT

Page   10   of   10          **XLS ICAT NPCP 100 (08 03)**

2008-1070
000053

# XL SPECIALTY INSURANCE COMPANY

## WIND AND HAIL CAUSE OF LOSS COVERAGE ENDORSEMENT FORM 204

### THIS ENDORSEMENT CHANGES YOUR POLICY.  PLEASE READ IT CAREFULLY.

I.   This Policy provides coverage for loss or damage directly caused by wind and hail.

II.   Notwithstanding the foregoing, coverage provided by this Endorsement does not include loss, damage or expense to the interior or exterior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand, or dust, whether driven by wind or otherwise, unless the building or structure first sustains wind or hail damage to its roof, walls, doors, or windows, through which the rain, snow, sand, or dust enters.

All other terms and conditions of this Policy remain.

Page   1   of   1                    XLS ICAT NPCP 204 (08 03)

2008-1070
000054

# XL SPECIALTY INSURANCE COMPANY

## WIND DRIVEN RAIN CAUSE OF LOSS COVERAGE ENDORSEMENT FORM 204(a)

### THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ IT CAREFULLY.

I    XLS ICAT NPCP 204 is amended to allow this Policy to provide coverage for loss or damage caused by wind driven rain which can be attributed to a single storm or atmospheric disturbance

    A    Coverage for this Cause of Loss - wind driven rain - applies only to building(s) or structure(s) covered under Coverage A of Article IV  as listed in the Declarations Page  Schedule A  All other Covered Property covered by this Policy  if any  is not covered against loss from wind driven rain.

    B    Your deductible for loss or damage caused by wind driven rain shall be equal to Your deductible for loss or damage caused by wind hurricane, or a named storm (if a separate Named Hurricane or Named Storm Deductible is applicable to this Policy)  whichever amount is greater

    C    The Limit of Insurance for loss or damage caused by wind driven rain is as shown in the Declarations Page  Schedule A   This Limit of Insurance does not increase Our Limit of Insurance:  Coverage for loss or damaged caused by wind driven rain is included in and part of Our Limit of Insurance for each building or structure covered under Coverage A of Article IV  as listed in the Declarations Page  Schedule A

II   Coverage provided by this Endorsement does not include loss, damage or expense to the interior or exterior of any building or structure, or the property inside the building or structure  caused by snow, sand or dust  whether driven by wind or otherwise  unless the building or structure first sustains wind or hail damage to its roof  walls  doors  or windows through which the snow  sand or dust enters

All other terms and conditions of this Policy remain

Page    1    of    1          **XLS ICAT NPCP 204(a)    (08 03)**

2008-1070
000055

# XL SPECIALTY INSURANCE COMPANY

## COVERAGE EXTENSION POLLUTANT CLEAN UP AND REMOVAL ENDORSEMENT FORM 207

### THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ IT CAREFULLY.

Article V of this Policy is amended and expanded to provide an additional Coverage Extension for **Pollutant Clean Up and Removal** as follows:

D.   Pollutant Clean Up and Removal

1   We will pay Your expense to extract Pollutants from land or water premises if the discharge, dispersal, seepage migration release or escape of the Pollutants is caused by or results from a covered Cause of Loss that occurs during the Policy Period These expenses will be paid only if they are reported to Us in writing within 180 days of the date on which the covered Cause of Loss occurred

2.   This Coverage Extension does not apply to costs to test for, monitor or assess the existence, concentration or effects of Pollutants But We will pay for testing which is performed in the course of extracting the Pollutants from land or water at a Covered Location

3   The most We will pay under this Coverage Extension for each Covered Location is $10 000 for the sum of all covered expenses arising out of a covered Cause of Loss occurring during each separate 12 month period of this Policy

4   Our Limit of Insurance for this Pollutant Clean Up and Removal Coverage Extension is in addition to Our Limit of Insurance defined in the Declarations Page Schedule A

All other terms and conditions of this Policy remain

XLS ICAT NPCP 207 (08 03)

2008-1070
000056

2008-1070_000040-000071.pdf 17                                                                12-23-2008 9:51:34 AM

# XL SPECIALTY INSURANCE COMPANY

## SPECIAL AMENDMENT TO ARTICLE XI - EXCLUDED
## CAUSES OF LOSS:  ENDORSEMENT FORM 208(x) FL

### THIS ENDORSEMENT CHANGES YOUR POLICY.  PLEASE READ IT CAREFULLY.

**Article XI - Excluded Causes of Loss - Subsection 8,** of this Policy is hereby deleted

The deletion of this Exclusion shall in no way expand the coverage provided by this Policy beyond the Causes of Loss covered by this Policy as defined by Article I of the Policy and the Cause of Loss Coverage Endorsement Form(s) attached hereto

All other terms and conditions of this Policy remain

Page   1   of   1          XLS ICAT NPCP 208(x)   (08 03)

2008-1070
000057

# XL SPECIALTY INSURANCE COMPANY

## DEDUCTIBLE ENDORSEMENT FORM 400:
## NAMED HURRICANE BY LINE OF COVERAGE

### THIS ENDORSEMENT CHANGES YOUR POLICY.  PLEASE READ IT CAREFULLY.

**Article IX - Deductible**

I    Your deductible under this Policy is as follows:

    A.    Named Hurricane:  If loss or damage to Covered Property is caused by a Hurricane (as defined herein)  Your deductible will be the amount shown in the Declarations Page, Schedule A

    B    All Other Wind or Hail:  If loss or damage to Covered Property is caused by Wind (other than a Hurricane) or Hail  Your deductible will be the amount shown in the Declarations Page  Schedule A

    C    All Other Causes of Loss:  if loss or damage to Covered Property is caused by any Cause of Loss covered by this Policy other than Wind (including Hurricane) or Hail  Your deductible will be the amount shown in the Declarations Page  Schedule A

II    Your deductible will be applied as follows:

    A.    In the event a deductible is expressed as a percentage in the Declarations Page, Schedule A, then that percentage deductible shall be equal to a dollar amount determined by multiplying the percentage shown times the applicable Limit(s) of Insurance

    B    We will not pay for loss or damage to Covered Property until the amount of loss or damage from any one Occurrence exceeds the applicable deductible defined in this Endorsement and shown in the Declarations Page, Schedule A  We will then pay the amount of loss or damage in excess of the  stated deductible up to Our Limit of Insurance.  Your deductible amount may be subject to adjustments required by the Coinsurance Condition Endorsement if such Endorsement is attached to this Policy

    C    Your deductible will be applied to Covered Property as follows:

        1    As respects loss or damage to buildings or structures insured under Coverage A of Article IV:

            a    The applicable deductible will be applied separately to all Coverage A building and structure losses from all other Covered Property losses; and

            b    If two or more buildings or structures are insured under Coverage A of Article IV  then the applicable deductible will be applied separately to each such building or structure

        2.    As respects loss or damage to Business Personal Property insured under Coverage B and Tenant Improvements and Betterments insured under Coverage C (both as defined in Article IV of the Policy):

            a    The applicable deductible will be applied to Coverage B and C losses separately from All Other Covered Property Losses; and

            b    If Covered Property covered under Coverages B and C is located in two or more buildings or structures  then the applicable deductible will be applied separately to such Covered Property located in each such separate building or structure as shown in the Declarations Page  Schedule A; and

            c    The applicable deductible for losses to all Covered Property covered under Coverages B and C will be applied to the sum of all Coverage B and C losses in each building or structure as shown in the Declarations Page, Schedule A

        3    As respects loss or damage to Additional Property Coverage Covered Property insured under Coverage D of Article IV:

            a    The applicable deductible will be applied separately to all Coverage D losses from all Other Covered Property losses; and

            b    If Covered Property under Coverage D is located at two or more Covered Locations  then the applicable deductible will be applied separately to such Covered Property at each such Covered Location as shown in the Declarations Page  Schedule A; and

            c    The applicable deductible for all Covered Property covered under Coverage D at each Covered Location will be applied to the sum of all such Coverage D losses at each such Covered Location as shown in the Declarations Page  Schedule A

XLS ICAT NPCP 400 (08 03)

2008-1070
000058

12.23.2008 9:51:34 AM

4  As respects loss  damage or expense to Covered Property insured under Coverage E - Loss  f Business Income; Rental Value; Extra Expense:

   a  The applicable deductible will be applied separately to all Coverage E losses from all other Covered Property losses; and

   b  If Coverage E is applicable to two or more buildings or structures under Coverage A and/or Coverage B of Article IV, then the applicable deductible will be applied separately to each such building or structure as shown in the Declarations Page Schedule A.

5  As respects loss or damage to Covered Property under Coverage F of Article IV, the coverage provisions of Coverage F shall not be activated or available to You unless and until the deductible provisions applicable to Coverage A of Article IV, as defined in III-C-1 of this Endorsement  have been satisfied and a claim payment is due to You under the provisions of Coverage A of Article IV

III  Hurricane as used herein is defined as a storm system that has been declared to be a hurricane by the National Hurricane Center of the National Weather Service  The duration of the Hurricane shall be from the moment the Hurricane Watch or Hurricane Warning is issued by the National Hurricane Center and continuing for the time period during which the Hurricane Watch or Hurricane Warning is in effect  ending 72 hours following the termination of the last Hurricane Watch or Hurricane Warning issued

All other terms and conditions of this Policy remain

**XLS ICAT NPCP 400 (08 03)**

2008-1070
000059

# XL SPECIALTY INSURANCE COMPANY

## PERCENT NAMED HURRICANE DEDUCTIBLE
### ENDORSEMENT FORM 400(ex):
## NAMED HURRICANE BY LINE OF COVERAGE

### EXAMPLE

The following example illustrates how a percentage deductible defined in Deductible Endorsement Form XLS ICAT NPCP 400 will function. The Limits of Insurance and Deductibles shown in the following table may not be the Limits of Insurance and Deductibles shown in the Declarations Page; they are being used only to provide You with an example  This example is based upon the assumption that all losses shown in the example are caused by one and the same Occurrence

Location #1  Building #1

| (1) Line of Coverage | (2) Limit of Insurance | (3) Percent Deductible | (4) Loss | (5) Dollar Amount of Deductible[1] | (6) Claim Payment |
|---|---|---|---|---|---|
| Coverage A:  Building | $100,000 | 2% | $25,000 | $2,000 | $23,000 |
| Coverages B and C: Business PP and TIB | $50,000 | 2% | $25,000 | $1,000 | $24,000 |
| Coverage E:  Business Income | $50,000 | 2% | $10,000 | $1,000 | $9,000 |
| Coverage F:  Ordinance or Law | $20 000 | [2] | $10 000 | [2] | $10,000 |
| | | | | | $66,000 |

Location #1  Building #2

| (1) Line of Coverage | (2) Limit of Insurance | (3) Percent Deductible | (4) Loss | (5) Dollar Amount of Deductible[1] | (6) Claim Payment |
|---|---|---|---|---|---|
| Coverage A:  Building | $200,000 | 2% | $50,000 | $4,000 | $46,000 |
| Coverages B and C: Business PP and TIB | $100,000 | 2% | $10,000 | $2,000 | $8,000 |
| Coverage E:  Business Income | $50,000 | 2% | $20,000 | $1,000 | $19,000 |
| Coverage F:  Ordinance or Law | $40,000 | [2] | $15,000 | [2] | $15,000 |
| | | | | | $88,000 |

[1]  The Dollar Amount of the Deductible is calculated by multiplying the Percent Deductible shown in Column (3) times the Limit of Insurance shown in Column (2)

[2]  A loss recovery is payable under Coverage F only when the Coverage A: Building loss (not including any Ordinance or Law loss) is greater than the Coverage A Deductible and a Claim Payment is due under Coverage A  If there is no Claim Payment due under Coverage A  then there is no coverage under Coverage F

2008-1070
000060

2008-1070_000040-000071.pdf.21                                                                  12 23 2008 9:51:34 AM

Location #1  Coverage D Covered Property

| (1) | (2) | (3) | (4) | (5) | (6) |
|---|---|---|---|---|---|
| Coverage D Additional Property | Limit of Insurance | Percent Deductible | Loss | Dollar Amount of Deductible[1] | Claim Payment |
| Signs:  Entrance Sign | $5,000 | N/A | $1,000 | N/A | N/A |
| Fences | $10,000 | N/A | $0 | N/A | N/A |
| Storage Building #1 | $10,000 | N/A | $4,000 | N/A | N/A |
| Storage Building #2 | $20,000 | N/A | $5,000 | N/A | N/A |
| Machinery in the Open | $15,000 | N/A | $0 | N/A | N/A |
| Awnings | $15,000 | N/A | $10,000 | N/A | N/A |
| Total | $75,000 | 2%[1] | $20,000 | $1,500[1] | $18,500[2] |

[1]  Your Deductible for Coverage D Additional Property Coverage is calculated by multiplying the Percentage Deductible applicable to Coverage D (2% in this example) times the sum of the Limits of Insurance for all Covered Property listed as covered under Coverage D at each Covered Location ($75 000 in this example)

[2]  The Claim Payment due to You is equal to the sum of all losses to all Covered Property listed under Coverage D ($20,000 in this example) minus the Dollar Amount of the Deductible ($1 500 in this example)

Location #2  Building #1

| (1) | (2) | (3) | (4) | (5) | (6) |
|---|---|---|---|---|---|
| Line of Coverage | Limit of Insurance | Percent Deductible | Loss | Dollar Amount of Deductible[1] | Claim Payment |
| Coverage A:  Building | $150,000 | 2% | $2,000 | $3,000 | $0 |
| Coverages B and C: Business PP and TIB | $50,000 | 2% | $10,000 | $1,000 | $9,000 |
| Coverage E:  Business Income | $50 000 | 2% | $1 000 | $1 000 | $0 |
| Coverage F:  Ordinance or Law | $30 000 | [2] | $10 000 | [2] | $0 |
|  |  |  |  |  | $9,000 |

[1]  The Dollar Amount of the Deductible is calculated by multiplying the Percent Deductible shown in Column (3) times the Limit of Insurance shown in Column (2)

[2]  A loss recovery is payable under Coverage F only when the Coverage A: Building loss (not including any Ordinance or Law loss) is greater than the Coverage A Deductible and a Claim Payment is due under Coverage A  If there is no Claim Payment due under Coverage A  then there is no coverage under Coverage F

2008-1070
000061

2008-1070_000040-000071.pdf 22                                                          12:23:2008 9:51:54 AM

Location #2 Coverage D Covered Property

| (1) Coverage D Additional Property | (2) Limit of Insurance | (3) Percent Deductible | (4) Loss | (5) Dollar Amount of Deductible[1] | (6) Claim Payment |
|---|---|---|---|---|---|
| Signs: Building Sign | $2,500 | N/A | $0 | N/A | N/A |
| Fences | $10,000 | N/A | $0 | N/A | N/A |
| Storage Building | $10,000 | N/A | $7,500 | N/A | N/A |
| Machinery in the Open | $25,000 | N/A | $0 | N/A | N/A |
| Awnings | $2,500 | N/A | $2,500 | N/A | N/A |
| Total | $50,000 | 2%[1] | $10,000 | $1,000[1] | $9,000[2] |

[1] Your Deductible for Coverage D Additional Property Coverage is calculated by multiplying the Percentage Deductible applicable to Coverage D (2% in this example) times the sum of the Limits of Insurance for all Covered Property listed as covered under Coverage D at each Covered Location ($50 000 in this example)

[2] The Claim Payment due to You is equal to the sum of all losses to all Covered Property listed under Coverage D ($10 000 in this example) minus the Dollar Amount of the Deductible ($1 000 in this example).

Summary of Claim Payments Due You

| | |
|---|---|
| Location #1, Building #1 | $66,000 |
| Location #1, Building #2 | $88,000 |
| Location #1, Coverage D: Additional Property | $18,500 |
| Location #2, Building #1 | $9,000 |
| Location #2, Coverage D: Additional Property | $9,000 |
| Total | $190,500 |

THIS ENDORSEMENT DOES NOT CHANGE OR MODIFY ANY OF THE TERMS AND CONDITIONS OF THIS POLICY.

2008-1070
000062

# XL SPECIALTY INSURANCE COMPANY

## REPLACEMENT COST ENDORSEMENT FORM 500

### THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ IT CAREFULLY.

I.    Article VIII - Valuation is deleted and replaced with the provisions contained in this Endorsement

II.   Valuation

   A.   We shall not pay more than the Replacement Cost (without deduction for depreciation) of the Covered Property at the time of loss. The loss or damage shall be ascertained or estimated according to such Replacement Cost value, but in no event shall such amount exceed what it would then cost to repair or replace the Covered Property with material of like kind and quality nor the amount for which You may be liable

   B.   You may make a claim for loss or damage covered by this insurance on an Actual Cash Value basis instead of on a Replacement Cost basis. In the event You elect to have loss or damage settled on an Actual Cash Value basis, You may, at a later date, make a claim for the coverage on the basis of this Replacement Cost Endorsement if You notify Us of Your intent to do so within 180 days after the loss or damage to the Covered Property

   C.   We will not pay more for loss or damage to Covered Property on a Replacement Cost basis than the lesser of:

      1    Our Limit of Insurance applicable to the damaged Covered Property; or

      2    The cost to repair or replace, at the same location, the damaged Covered Property with other property:

         a.   Of comparable material and quality; and

         b.   Used for the same purpose;

      3    Or the amount You actually spend that is necessary to repair or replace the damaged Covered Property

   D.   Notwithstanding the foregoing, in the event You elect to not repair, restore or replace the damaged Covered Property, or You do not commence the repairs, restoration or replacement of the damaged Covered Property within a reasonable period of time (which in no event shall be greater than 18 months from the date of the loss causing the damage to the Covered Property), then this Replacement Cost coverage shall not apply but rather the provisions of Article VIII of the Policy shall apply. Additionally, this Replacement Cost coverage does not apply to the property itemized immediately below; rather the provisions of Article VIII of the Policy shall apply:

      1    Property of others

      2    Contents of a residence

      3    Manuscripts.

      4    Works of art antiques or rare articles including but not limited to etchings pictures statuary marble bronzes porcelain and bric-a-brac

      5    Stock

All other terms and conditions of this Policy remain

2008-1070
000063

## XL SPECIALTY INSURANCE COMPANY

### FLORIDA STATE SPECIFIC ENDORSEMENT FORM 600FL

#### THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ IT CAREFULLY.

I   Article III - Cancellation Provisions - will be as stated in this Endorsement

   A   The first Named Insured shown in the Declarations Page may cancel this Policy at any time by mailing or delivering to Us advance written notice of cancellation

   B.   Cancellation for Policies in Effect 90 Days or Less

      1   If this Policy has been in effect for 90 days or less, We may cancel this Policy by mailing or delivering to the First Named Insured written notice of cancellation  accompanied by the specific reasons for cancellation  at least:

         a   10 days before the effective date of cancellation if We cancel for nonpayment of premium;

         b   20 days before the effective date of cancellation if We cancel for any other reason  except We may cancel immediately if there has been:

            i.   A material misstatement or misrepresentation; or

            ii.   A failure to comply with underwriting requirement established by Us.

      2   We may not cancel:

         a   On the basis of property insurance claims that are the result of an act of God, unless We can demonstrate by claims frequency or otherwise that You have failed to take action reasonably necessary as requested by Us to prevent reoccurrence of damage to the Covered Property; or

         b   On the basis of filing claims for partial loss caused by Sinkhole damage  regardless of whether this Policy has been the subject of a Sinkhole claim  or on the basis of the risk associated with the occurrence of such a claim  However  We may cancel this Policy if:

            i   The total of such property insurance claim payments for this Policy exceeds the current policy limits of coverage for property damage; or

            ii   You have failed to repair the structure in accordance with the engineering recommendation upon which any loss payment or policy proceeds were based.

   C   Cancellation for Policies in Effect for More Than 90 Days

      1   If this Policy has been in effect for more than 90 days  We may cancel this Policy only for one or more of the following reasons:

         a   Nonpayment of premium

         b   The Policy was obtained by a material misstatement or misrepresentation

         c   There has been a failure to comply with underwriting requirements established by Us within 90 days of the effective date of coverage

         d   There has been a substantial change in the risk covered by this Policy.

         e   The cancellation is for all insureds under such policies for a given class of insureds

         f   On the basis of property insurance claims that are the result of an act of God, if We can demonstrate by claims frequency or otherwise that You have failed to take action reasonably necessary as requested by Us to prevent reoccurrence of damage to the Covered Property

         g   On the basis of filing claims for partial loss caused by Sinkhole damage, or on the basis of the risk associated with the occurrence of such a claim  if:

            i   The total of such property insurance claim payments for this Policy exceeds the current policy limits of coverage for property damage; or

2008-1070
000064

      ii   You have failed to repair the structure in accordance with the engineering recommendations upon which any loss payment of policy proceeds were based.

  2.  If We cancel this Policy for any of these reasons, We will mail or deliver to the first Named Insured written notice of cancellation accompanied by the specific reasons for cancellation  at least:

    a   10 days before the effective date of cancellation if cancellation is for nonpayment of premiums; or

    b   45 days before the effective date of cancellation if:

      i   Cancellation is for one or more of the reasons stated in C 1 b through C 1 g above; and

      ii   This Policy does not cover a residential structure or its contents

    c   90 days before the effective date of cancellation if:

      i   Cancellation is for one or more of the reasons stated in C 1 b through C 1 g above; and

      ii   This Policy covers a residential structure or its contents

D   Notice of cancellation will state the effective date of cancellation.  The Policy Period will end on that date

E   If this Policy is cancelled  We will send the first Named Insured any premium refund due unless otherwise stipulated by law

  1   If We cancel  the refund will be prorated based upon the number of days remaining until the end of the Policy Period

  2   If You cancel  the premium refund will be determined as follows:

    a   If this Policy was not in force at any time between June 1 and November 1 of the current Policy Period  then the premium refund will be equal to 90% of the unearned premium under the Policy as of the effective date of cancellation

    b.   If this Policy was in force at any time between June 1 and November 1 of the current Policy Period  then the premium refund will be a percentage of the total annual premium of the Policy for the current Policy Period as defined in the table immediately below:

| Days Policy Was In Force During Current Policy Period | Percent of Annual Premium To Be Refunded |
|---|---|
| 1 to 180 | 20.0% |
| 181 to 210 | 15.0% |
| 211 to 240 | 10.0% |
| 241 to 270 | 7.5% |
| 271 to 300 | 5.0% |
| 301 to 330 | 2.5% |
| 331 to 365 | Nil |

F.   Nonrenewal:

  1   If We decide not to renew this Policy, We will deliver to the First Named Insured written notice of nonrenewal  accompanied by the specific reason for nonrenewal  at least:

    a   90 days prior to the expiration of the Policy if this Policy covers a residential structure or its contents; or

    b   45 days prior to the expiration of the Policy for all other Policies

  2   Any notice of nonrenewal will be mailed or delivered to the First Named Insured's last mailing address known to Us.

  3   We may not refuse to renew this Policy:

    a   On the basis of property insurance claims that are the result of an act of God, unless we can demonstrate, by claims frequency or otherwise, that You have failed to take action reasonably necessary as requested by Us to prevent reoccurrence of damage to the Covered Property; or

    b   On the basis of filing claims for partial loss caused by Sinkhole damage  regardless of whether this Policy has been the subject of a Sinkhole claim  or on the basis of the risk associated with the occurrence of such a claim  However  we may refuse to renew this Policy if:

      i   The total of such property insurance claim payments for this Policy exceeds the current policy limits of coverage for property damage; or

      XLS ICAT NPCP 600 FL  (08 03)

2008-1070
000065

      12/23/2008 9:51:34 AM

    ii You have failed to repair the structure in accordance with the engineering recommendations upon which any loss payment or policy proceeds were based

  G. If notice of cancellation or nonrenewal is mailed  proof of mailing will be sufficient proof of notice

II **Article X - Property and Interests Excluded** - is amended by the addition of the following exclusion:

  36 We will not pay for the cost of paint or waterproofing products  nor the cost to apply  strip  or repair paint or waterproofing products  to the exterior of Covered Property insured under Coverage A of Article IV or to building(s) or structure(s) insured under Coverage D of Article IV if such painting or waterproofing is damaged by Wind (including Hurricane) or Hail  even if Wind (including Hurricane) or Hail are covered Causes of Loss hereunder  if such Covered Property is located in any of the following places:

   a Broward County;

   b Dade County;

   c Martin County;

   d Monroe County;

   e Palm Beach County;

   f All areas east of the west bank of the Intra-Coastal Waterway in the counties of:

    i Indian River  and
    ii. St. Lucie

   We will not include the value of paint or waterproofing material  or the cost to apply, strip  or repair such material  to determine the amount of Your Wind (including Hurricane) or Hail deductible  or the value of Covered Property if the Coinsurance Condition Endorsement is attached to the Policy

III **Article XXIX - Settlement of Loss** - is deleted and replaced with the following:

 Provided You have complied with all the terms of this Policy  We will pay for covered loss or damage:

 A Within 20 days after We receive Your signed  sworn proof of loss and We reach agreement with You; or

 B Within 30 days after We have received Your signed  sworn proof of loss and:

  1 There is an entry of final judgment; or

  2 There is a filing of an appraisal award with Us

All other terms and conditions of this Policy remain

2008-1070
000066

# XL SPECIALTY INSURANCE COMPANY

## SPECIAL AMENDMENT TO ARTICLE XI
## EXCLUDED CAUSES OF LOSS: ENDORSEMENT FORM 600(a)FL

### THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ IT CAREFULLY.

Article XI - Excluded Causes of Loss - Subsection 10, of this Policy is hereby deleted in its entirety and replaced with the following:

Hostile or warlike action in time of peace or war by any individual, group, government or sovereign power. Including action in hindering, combating or defending against an actual, impending or expected attack:

a   By any individual, group, government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces

b   Or by military, naval or air forces

c   Or by any agent of any such government, power, authority or forces

d   Or any weapon of war employing atomic fission or radioactive force whether in time of peace or war

2008-1070
000067

# PRIVACY POLICY

The XL America, Inc  insurance group ("We" or "Our Group")  respects the privacy of all personal information  Thus, the information We collect from our customers, or potential customers, is treated with the highest degree of privacy

We have developed a Privacy Policy for Our Group that:
1) ensures the security of your information; and
2) complies with state and federal privacy laws

The term "personal information" includes all information we obtain about a customer and maintain in our files  All persons with access to personal information are required to follow this policy.

## Our Privacy Promise

Your privacy rights are important to us  Analysis of your private information allows us to provide to you excellent service and products  Your trust in us depends upon the security and integrity of our records  Thus, We promise to:

1) Follow strict security standards  This will protect any information you share with us, or that we receive about you
2) Verify and exchange data regarding your credit and financial status only for the purposes of: underwriting; policy administration; or risk management  We will obtain only reputable references and services
3) Collect and use the least amount of information necessary to:
   a   advise you and deliver excellent service and products; and
   b   conduct our business.
4) Train our employees to securely handle private information  We will only permit authorized employees to have access to such information
5) Not disclose data about you or your business to any organization outside Our Group or to third party providers unless:
   a.  we disclose to you our intent to do so; or
   b   we are required to do so by law
6) Not disclose medical information unless:
   a   you give us written consent to do so; or
   b.  We disclose for any exception provided in the law.
7) attempt to keep our records complete and exact
8) advise you how and where to access your account (unless prohibited by law)
9) advise you how to correct errors or make changes to your account
10) inspect our procedures to ensure your privacy.

## Collection and Sources of Information

We collect only the personal information needed to:
1) determine suitability for a product or service;
2) manage the product or service; and
3) advise customers about our products and services

The information we collect come from the following sources:

- **Submission** - In the application  you provide: your name: address: phone number; e-mail address; and other types of private information.
- **Quotes** - We collect information to determine:
  1) your eligibility for an insurance product; and
  2) your coverage cost
  The data we collect will vary with the type of insurance you seek
- **Transactions** - We maintain records of all transactions with Our Group and our third party providers  Our records include:
  1) your coverage choices;
  2) premiums; billing; and payment records
  3) claims history; and
  4) other data related to your account

**XLA  Privacy Notice (04 03)**

2008-1070
000068

- **Claims** -We maintain records on any claims that are made under your policies   The investigation of a claim involves collection of a broad range of information   It also involves many issues  some of which do not directly involve you   We will share with you facts that we collect about your claim; unless prohibited by law   The process of claim investigation also involves advice; opinions; and comments from many people   These may include attorneys and experts   This will help us determine how best to handle your claim   To protect the legal and privileged aspects of opinions and advice, we will not disclose this information to you

- **Credit and Financial Reports** - We may receive your credit history   This is to support information you provided during the submission and quote processes   This history will help to underwrite your coverage

## Retention and Correction of Personal Information

We retain personal information only as long as required by law; or as required by our business methods   If we become aware that any information may be incorrect  we will make reasonable effort to correct it.

## Storage of Personal Information

Safeguards are in place to protect data and paper files containing personal information

## Sharing/Disclosing of Personal Information

We do not share personal information with a third party outside of Our Group for marketing purposes   This is true unless such sharing is permitted by law   Information may be shared with a third party for necessary servicing of the product   It may also be disclosed for other business reasons as permitted by law

We do not share personal data outside of Our Group for servicing or joint marketing reasons   We will only disclose such data when a contract containing non-disclosure language has been signed by us and the third party

Unless a consumer consents, we do not disclose "consumer credit report" type information outside of Our Group.  "Consumer credit report type information" means such things as: net worth; credit worthiness; hobbies (piloting, boating, etc ); solvency, etc

We also do not disclose outside of Our Group personal information for use in marketing   We may share information within Our Group regarding our experience and dealings with the customer

We may disclose private information about a customer as allowed or otherwise required by law   The law allows us to share a customer's financial data within Our Group for marketing purposes   The law does not allow customers to limit or prevent such disclosures

We may also disclose personal information about you or your business to:
- your independent agent or broker;
- an independent claim adjuster; investigator; attorney; or expert;
- persons or groups that conduct scientific studies   This includes actuaries and accountants;
- a medical care facility or professional to verify coverage for a covered person;
- an insurance support group;
- another insurer if to prevent fraud;
- another insurer to properly underwrite a risk;
- insurance regulators;
- governmental authorities pursuant to law;
- an authority in response to a valid administrative or judicial order   This includes a warrant or subpoena;
- a party for the following purposes regarding a book of business: sale; transfer; merger; or consolidation   This applies whether the transaction is proposed or complete;
- a professional peer review group   This includes reviewing the service or conduct of medical care facilities or personnel;
- a covered person for providing the status of a transaction; or
- any of the following: a lienholder; mortgagee; assignee; lessor; or other person of record having a legal interest in the policy

2008-1070
000069

**Policy for Personal Information Relating to Nonpublic Personal Health Information**

We do not disclose nonpublic personal health information about a customer, unless consent is obtained from that customer However, such consent shall not be prohibited, limited or sought for certain insurance functions. This includes, but is not limited to:

    a.   claims administration;

    b   fraud prevention;

    c   underwriting; policy placement or issuance; loss control or auditing.

**Access to Your Information**

The following persons will have access to personal information we collect:
employees of Our Group and third party service providers   Information will only be collected as is needed in transactions with you

**Violation of the Privacy Policy**

Any person violating this Policy will be subject to discipline. This may include termination

For questions regarding this privacy statement, please contact your broker

Page   3 of 3          **XLA Privacy Notice (04 03)**

2008-1070
000070

## IN WITNESS ENDORSEMENT
## XL SPECIALTY INSURANCE COMPANY

ADMINISTRATIVE OFFICE :   SEAVIEW HOUSE
                               70 SEAVIEW AVENUE
                               STAMFORD, CT 06902-6040
STATUTORY HOME OFFICE:   1201 NORTH MARKET STREET
                               SUITE 501
                               WILMINGTON, DE 19801

It is hereby agreed and understood that the following In Witness Clause supercedes any and all other In Witness clauses in this policy.

All other provisions remain unchanged

IN WITNESS WHEREOF, the Company has caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by a duly authorized representative of the Company.

_____          _____

Richard S. Banas                                       Kenneth P. Meagher
President                                                    Secretary

IL MP 9104  0704 XLS

# ABLE ADJUSTING INC

Public Insurance Adjusting
Licensed by the State of Florida
Department of Insurance

14707 South Dixie Hwy, Suite 401, Miami, Fl 33176
Phone: (305) 670-0234 * Fax: (305) 670-0235
E-mail: ableadjustinginc@bellsouth.net

Sent Via Facsimile: 303-327-1967

June 25, 2009

Boulder Claims
Att: Sheri Mitchell
3665 Discovery Drive
Suite 301
Boulder, Colorado 80303

RE:  Insured      :    Evangelio Sanabria
     Claim No.    :    ICAT2008V0000005868
     D.O.L.       :    10/24/2005 – H. Wilma
     Policy No.   :    ICS0966101867900

Greetings Sheri Mitchell,

Please be advised we received your letter dated May 20th 2009, rejecting the insured's proof of loss (P.O.L.) in regards to the claim referenced above. For the record, we did provide evidence supporting the insured's claim as we submitted an estimate of repair and showed your field representative the damages during our inspection of the damaged property on March 12, 2009.

We had hoped to reach a compromised settlement per our original building repair estimate; however, based on our field notes during the inspection on March 12th 2009 we have found that our estimate required a significant revision. We have revised our estimate accordingly and we will be submitting a new P.O.L. for your consideration as soon as possible. A copy of our revised estimate has been enclosed for your review.  Please forward a copy of your repair estimate accordingly.

As previously requested in our December 1st 2008 letter to your office, please forward a certified copy of the policy. The policy should cover the main building and any other structures on the property.

Sincerely,

Rommel Rodriguez
Public Adjuster

Enclosure:
-Able Adjusting Revised Estimate

EXHIBIT
E

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156

REV. 3/12/09

| Claim Number | Policy Number | Type of Loss | Deductible |
|---|---|---|---|
| | ICS0966101867900 | Hurricane Wilma | $ 0.00 |

| | |
|---|---|
| Insured: | Evangelio Sanabria |
| Property: | 963 NE 1ST AVE |
| | Homestead, FL 33165 |
| Claim Rep.: | Able Adjusting |

Business:  (305) 670-0234

| | |
|---|---|
| Business: | 9300 SOUTH DADELAND BLVD SUITE 611 |
| | Miami, FL 33156 |
| Estimator: | Able Adjusting |

Business:  (305) 670-0234

| | |
|---|---|
| Business: | 9300 SOUTH DADELAND BLVD SUITE 611 |
| | Miami, FL 33156 |
| Date of Loss: | 10/24/05 |
| Price List: | FLMI2SSA |
| | Restoration/Service/Remodel with Service |
| | Charges Broken Out |
| Estimate: | SANABRIA.EVAN.HURR |

2008-1070
000207

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, FL 33156

### SANABRIA.EVAN.HURR

### Room: Roof 1 #965



| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| R&R Shingle roofing - roof 1 | 41.67 SQ | 410.66 | 17,110.83 | 0.00 | 17,110.83 |
| R&R Drip edge | 292.00 LF | 4.30 | 1,255.60 | 0.00 | 1,255.60 |
| R&R Roof vent | 6.00 LF | 88.14 | 528.84 | 0.00 | 528.84 |
| Add sheathing repair and re-nail | 1.00 SQ | 1250.00 | 1,250.00 | 0.00 | 1,250.00 |
| **Room Totals: Roof 1 #965** | | | **20,145.27** | **0.00** | **20,145.27** |

### Room: Roof 2 #963



| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| R&R Shingle roofing - roof 2 | 37.00 SQ | 410.66 | 15,194.42 | 0.00 | 15,194.42 |
| Sheathing repair | 1.00 SQ | 1250.00 | 1,250.00 | 0.00 | 1,250.00 |
| R&R Drip edge | 204.00 LF | 4.30 | 877.20 | 0.00 | 877.20 |
| R&R Roof vent | 4.00 LF | 88.14 | 352.56 | 0.00 | 352.56 |
| **Room Totals: Roof 2 #963** | | | **17,674.18** | **0.00** | **17,674.18** |

SANABRIA.EVAN.HURR

04/06/2009   Page: 2

2008-1070
000208

## Able Adjusting

9500 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156



### Room: Front elevation #965

**LxWxH  108'0" x 0" x 9'0"**

| | | | | |
|---|---|---|---|---|
| 1,944.00 | SF Walls | | 0.00 | SF Ceiling |
| 1,944.00 | SF Walls & Ceiling | | 0.00 | SF Floor |
| 0.00 | SY Flooring | | 216.00 | LF Floor Perimeter |
| 972.00 | SF Long Wall | | 0.00 | SF Short Wall |
| 216.00 | LF Ceil. Perimeter | | | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean with pressure/chemical spray | 972.00 SF | 0.43 | 417.96 | 0.00 | 417.96 |
| Stucco repair | 1.00 EA | 395.87 | 395.87 | 0.00 | 395.87 |
| Exterior - paint walls | 1,944.00 SF | 0.71 | 1,380.24 | 0.00 | 1,380.24 |
| R&R Exterior door | 3.00 EA | 415.75 | 1,247.25 | 0.00 | 1,247.25 |
| R&R Door lockset - exterior | 3.00 EA | 80.31 | 240.93 | 0.00 | 240.93 |
| R&R Exterior light fixture | 6.00 EA | 88.78 | 532.68 | 0.00 | 532.68 |
| R&R Window screen | 4.00 EA | 32.97 | 131.88 | 0.00 | 131.88 |
| R&R Soffit | 108.00 SF | 3.99 | 430.92 | 0.00 | 430.92 |
| R&R Soffit vent | 18.00 EA | 42.03 | 756.54 | 0.00 | 756.54 |
| **Room Totals: Front elevation #965** | | | **5,534.27** | **0.00** | **5,534.27** |

### Room: Right elevation #965

**LxWxH  36'0" x 0" x 9'0"**



| | | | | |
|---|---|---|---|---|
| 648.00 | SF Walls | | 0.00 | SF Ceiling |
| 648.00 | SF Walls & Ceiling | | 0.00 | SF Floor |
| 0.00 | SY Flooring | | 72.00 | LF Floor Perimeter |
| 324.00 | SF Long Wall | | 0.00 | SF Short Wall |
| 72.00 | LF Ceil. Perimeter | | | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean with pressure/chemical spray | 324.00 SF | 0.43 | 139.32 | 0.00 | 139.32 |
| R&R Window screen | 2.00 EA | 32.97 | 65.94 | 0.00 | 65.94 |
| Exterior - paint walls | 648.00 SF | 0.71 | 460.08 | 0.00 | 460.08 |
| **Room Totals: Right elevation #965** | | | **665.34** | **0.00** | **665.34** |

SANABRIA.EVAN.HURR

**2008-1070**
**000209**
6020

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl 33156



### Room: Rear elevation #965
**LxWxH  108'0" x 0" x 9'0"**

| | | | | |
|---|---|---|---|---|
| 1,944.00 | SF Walls | | 0.00 | SF Ceiling |
| 1,944.00 | SF Walls & Ceiling | | 0.00 | SF Floor |
| 0.00 | SY Flooring | | 216.00 | LF Floor Perimeter |
| 972.00 | SF Long Wall | | 0.00 | SF Short Wall |
| 216.00 | LF Ceil. Perimeter | | | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean with pressure/chemical spray | 972.00 SF | 0.43 | 417.96 | 0.00 | 417.96 |
| Stucco repair | 1.00 EA | 395.87 | 395.87 | 0.00 | 395.87 |
| R&R AC unit w/sleeve - through-wall | 6.00 EA | 985.21 | 5,911.26 | 0.00 | 5,911.26 |
| R&R Chain link fence w/posts & top rail | 220.00 LF | 9.43 | 2,074.60 | 0.00 | 2,074.60 |
| **Room Totals: Rear elevation #965** | | | **8,799.69** | **0.00** | **8,799.69** |



### Room: Left elevation #965
**LxWxH  36'0" x 0" x 9'0"**

| | | | | |
|---|---|---|---|---|
| 648.00 | SF Walls | | 0.00 | SF Ceiling |
| 648.00 | SF Walls & Ceiling | | 0.00 | SF Floor |
| 0.00 | SY Flooring | | 72.00 | LF Floor Perimeter |
| 324.00 | SF Long Wall | | 0.00 | SF Short Wall |
| 72.00 | LF Ceil. Perimeter | | | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean with pressure/chemical spray | 324.00 SF | 0.43 | 139.32 | 0.00 | 139.32 |
| Stucco repair | 1.00 EA | 395.87 | 395.87 | 0.00 | 395.87 |
| R&R Chain link fence w/posts & top rail | 80.00 LF | 9.43 | 754.40 | 0.00 | 754.40 |
| Exterior - paint walls | 648.00 SF | 0.71 | 460.08 | 0.00 | 460.08 |
| **Room Totals: Left elevation #965** | | | **1,749.67** | **0.00** | **1,749.67** |

SANABRIA.EVAN.HURR

04/06/2009  Page: 4

2008-1070
000210

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, FL 33156



### Room: Front elevation #963

**LxWxH 78'0" x 0" x 9'0"**

| | |
|---|---|
| 1,404.00 SF Walls | 0.00 SF Ceiling |
| 1,404.00 SF Walls & Ceiling | 0.00 SF Floor |
| 0.00 SY Flooring | 156.00 LF Floor Perimeter |
| 702.00 SF Long Wall | 0.00 SF Short Wall |
| 156.00 LF Ceil. Perimeter | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean with pressure/chemical spray | 702.00 SF | 0.43 | 301.86 | 0.00 | 301.86 |
| Stucco repair | 1.00 EA | 395.87 | 395.87 | 0.00 | 395.87 |
| Exterior - paint walls | 1,404.00 SF | 0.71 | 996.84 | 0.00 | 996.84 |
| R&R Exterior door | 1.00 EA | 415.75 | 415.75 | 0.00 | 415.75 |
| R&R Door lockset - exterior | 1.00 EA | 80.31 | 80.31 | 0.00 | 80.31 |
| **Room Totals: Front elevation #963** | | | **2,190.63** | **0.00** | **2,190.63** |



### Room: Right elevation #963

**LxWxH 26'0" x 0" x 9'0"**

| | |
|---|---|
| 468.00 SF Walls | 0.00 SF Ceiling |
| 468.00 SF Walls & Ceiling | 0.00 SF Floor |
| 0.00 SY Flooring | 52.00 LF Floor Perimeter |
| 234.00 SF Long Wall | 0.00 SF Short Wall |
| 52.00 LF Ceil. Perimeter | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean with pressure/chemical spray | 234.00 SF | 0.43 | 100.62 | 0.00 | 100.62 |
| Stucco repair | 1.00 EA | 395.87 | 395.87 | 0.00 | 395.87 |
| Exterior - paint walls | 468.00 SF | 0.71 | 332.28 | 0.00 | 332.28 |
| **Room Totals: Right elevation #963** | | | **828.77** | **0.00** | **828.77** |

PAGE 06/22        ABLE ADJUSTING INC        305670023S    16:58  06/25/2009

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156



### Room: Rear elevation #963

**LxWxH  87'0" x 0" x 9'0"**

| | | | | |
|---|---|---|---|---|
| 1,566.00 | SF Walls | | 0.00 | SF Ceiling |
| 1,566.00 | SF Walls & Ceiling | | 0.00 | SF Floor |
| 0.00 | SY Flooring | | 174.00 | LF Floor Perimeter |
| 783.00 | SF Long Wall | | 0.00 | SF Short Wall |
| 174.00 | LF Ceil. Perimeter | | | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean with pressure/chemical spray | 783.00 SF | 0.43 | 336.69 | 0.00 | 336.69 |
| Stucco repair | 1.00 EA | 395.87 | 395.87 | 0.00 | 395.87 |
| Exterior – paint walls | 1,566.00 SF | 0.71 | 1,111.86 | 0.00 | 1,111.86 |
| R&R Exterior door | 1.00 EA | 415.75 | 415.75 | 0.00 | 415.75 |
| R&R Window screen | 3.00 EA | 32.97 | 98.91 | 0.00 | 98.91 |
| R&R Screen enclosure | 128.00 SF | 1.91 | 244.48 | 0.00 | 244.48 |
| **Room Totals: Rear elevation #963** | | | **2,603.56** | **0.00** | **2,603.56** |



### Room: Left elevation #963

**LxWxH  32'0" x 0" x 9'0"**

| | | | | |
|---|---|---|---|---|
| 576.00 | SF Walls | | 0.00 | SF Ceiling |
| 576.00 | SF Walls & Ceiling | | 0.00 | SF Floor |
| 0.00 | SY Flooring | | 64.00 | LF Floor Perimeter |
| 288.00 | SF Long Wall | | 0.00 | SF Short Wall |
| 64.00 | LF Ceil. Perimeter | | | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean with pressure/chemical spray | 288.00 SF | 0.43 | 123.84 | 0.00 | 123.84 |
| Exterior – paint walls | 576.00 SF | 0.71 | 408.96 | 0.00 | 408.96 |
| R&R Window screen | 1.00 EA | 32.97 | 32.97 | 0.00 | 32.97 |
| **Room Totals: Left elevation #963** | | | **565.77** | **0.00** | **565.77** |

SANABRIA.EVAN.HURR

04/06/2009   Page: 6

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, FL 33156

### Room: Family room 1 #965

**LxWxH  12'6" x 10'4" x 8'0"**



| | |
|---|---|
| 365.33 | SF Walls |
| 494.50 | SF Walls & Ceiling |
| 14.35 | SY Flooring |
| 100.00 | SF Long Wall |
| 45.67 | LF Ceil. Perimeter |

| | |
|---|---|
| 129.17 | SF Ceiling |
| 129.17 | SF Floor |
| 45.67 | LF Floor Perimeter |
| 82.67 | SF Short Wall |

### Subroom 1: Kitchen unit 1

**LxWxH  12'3" x 6'3" x 8'0"**



| | |
|---|---|
| 296.00 | SF Walls |
| 372.56 | SF Walls & Ceiling |
| 8.51 | SY Flooring |
| 98.00 | SF Long Wall |
| 37.00 | LF Ceil. Perimeter |

| | |
|---|---|
| 76.56 | SF Ceiling |
| 76.56 | SF Floor |
| 37.00 | LF Floor Perimeter |
| 50.00 | SF Short Wall |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile | 205.73 SF | 0.46 | 94.64 | 0.00 | 94.64 |
| Regrout tile floor | 205.73 SF | 2.32 | 477.29 | 0.00 | 477.29 |
| Clean the walls and ceiling | 867.06 SF | 0.24 | 208.10 | 0.00 | 208.10 |
| Apply anti-microbial agent | 411.46 SF | 0.27 | 111.09 | 0.00 | 111.09 |
| Mask and prep for paint | 82.67 LF | 0.78 | 64.48 | 0.00 | 64.48 |
| Paint the walls | 661.33 SF | 0.59 | 390.19 | 0.00 | 390.19 |
| R&R Insulation - ceiling | 102.86 SF | 1.46 | 150.18 | 0.00 | 150.18 |
| R&R 1/2" drywall - ceiling | 102.86 SF | 2.66 | 273.62 | 0.00 | 273.62 |
| Paint the ceiling | 205.73 SF | 0.59 | 121.38 | 0.00 | 121.38 |
| Texture drywall - ceiling | 205.73 SF | 2.35 | 483.46 | 0.00 | 483.46 |
| Light fixture - Detach & reset | 2.00 EA | 34.40 | 68.80 | 0.00 | 68.80 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Outlet or switch - Detach & reset | 6.00 EA | 10.91 | 65.46 | 0.00 | 65.46 |
| Contents - move out then reset | 1.00 EA | 100.13 | 100.13 | 0.00 | 100.13 |
| **Room Totals: Family room 1 #965** | | | **2,666.48** | **0.00** | **2,666.48** |

### Room: Family room 2 #965

**LxWxH  12'6" x 10'4" x 8'0"**



| | |
|---|---|
| 365.33 | SF Walls |
| 494.50 | SF Walls & Ceiling |
| 14.35 | SY Flooring |
| 100.00 | SF Long Wall |
| 45.67 | LF Ceil. Perimeter |

| | |
|---|---|
| 129.17 | SF Ceiling |
| 129.17 | SF Floor |
| 45.67 | LF Floor Perimeter |
| 82.67 | SF Short Wall |

SANABRIA.EVAN.HURR

04/06/2009   Page: 7

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156



### Subroom 1: Kitchen unit 2

**LxWxH  12'3" x 6'3" x 8'0"**

| | |
|---|---|
| 296.00  SF Walls | 76.56  SF Ceiling |
| 372.56  SF Walls & Ceiling | 76.56  SF Floor |
| 8.51  SY Flooring | 37.00  LF Floor Perimeter |
| 98.00  SF Long Wall | 50.00  SF Short Wall |
| 37.00  LF Ceil. Perimeter | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile | 205.73 SF | 0.46 | 94.64 | 0.00 | 94.64 |
| Regrout tile floor | 205.73 SF | 2.32 | 477.29 | 0.00 | 477.29 |
| Clean the walls and ceiling | 867.06 SF | 0.24 | 208.10 | 0.00 | 208.10 |
| Apply anti-microbial agent | 411.46 SF | 0.27 | 111.09 | 0.00 | 111.09 |
| Mask and prep for paint | 82.67 LF | 0.78 | 64.48 | 0.00 | 64.48 |
| Paint the walls | 661.33 SF | 0.59 | 390.19 | 0.00 | 390.19 |
| R&R Insulation - ceiling | 102.86 SF | 1.46 | 150.18 | 0.00 | 150.18 |
| R&R 1/2" drywall - ceiling | 102.86 SF | 2.66 | 273.62 | 0.00 | 273.62 |
| Paint the ceiling | 205.73 SF | 0.59 | 121.38 | 0.00 | 121.38 |
| Texture drywall - ceiling | 205.73 SF | 2.35 | 483.46 | 0.00 | 483.46 |
| Light fixture - Detach & reset | 2.00 EA | 34.40 | 68.80 | 0.00 | 68.80 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Outlet or switch - Detach & reset | 6.00 EA | 10.91 | 65.46 | 0.00 | 65.46 |
| Contents - move out then reset | 1.00 EA | 100.13 | 100.13 | 0.00 | 100.13 |
| **Room Totals: Family room 2 #965** | | | **2,666.48** | **0.00** | **2,666.48** |

### Room: Family room 3 #965

**LxWxH  12'6" x 10'4" x 8'0"**



| | |
|---|---|
| 365.33  SF Walls | 129.17  SF Ceiling |
| 494.50  SF Walls & Ceiling | 129.17  SF Floor |
| 14.35  SY Flooring | 45.67  LF Floor Perimeter |
| 100.00  SF Long Wall | 82.67  SF Short Wall |
| 45.67  LF Ceil. Perimeter | |

### Subroom 1: Kitchen unit 2

**LxWxH  12'3" x 6'3" x 8'0"**



| | |
|---|---|
| 296.00  SF Walls | 76.56  SF Ceiling |
| 372.56  SF Walls & Ceiling | 76.56  SF Floor |
| 8.51  SY Flooring | 37.00  LF Floor Perimeter |
| 98.00  SF Long Wall | 50.00  SF Short Wall |
| 37.00  LF Ceil. Perimeter | |

SANABRIA.EVAN.HURR

04/06/2009  Page: 8

2008-1070
000214

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, FL 33156

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile | 205.73 SF | 0.46 | 94.64 | 0.00 | 94.64 |
| Regrout tile floor | 205.73 SF | 2.32 | 477.29 | 0.00 | 477.29 |
| Clean the walls and ceiling | 867.06 SF | 0.24 | 208.10 | 0.00 | 208.10 |
| Apply anti-microbial agent | 411.46 SF | 0.27 | 111.09 | 0.00 | 111.09 |
| Mask and prep for paint | 82.67 LF | 0.78 | 64.48 | 0.00 | 64.48 |
| Paint the walls | 661.33 SF | 0.59 | 390.19 | 0.00 | 390.19 |
| R&R insulation - ceiling | 102.86 SF | 1.46 | 150.18 | 0.00 | 150.18 |
| R&R 1/2" drywall - ceiling | 102.86 SF | 2.66 | 273.62 | 0.00 | 273.62 |
| Paint the ceiling | 205.73 SF | 0.59 | 121.38 | 0.00 | 121.38 |
| Texture drywall - ceiling | 205.73 SF | 2.35 | 483.46 | 0.00 | 483.46 |
| Light fixture - Detach & reset | 2.00 EA | 34.40 | 68.80 | 0.00 | 68.80 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Outlet or switch - Detach & reset | 6.00 EA | 10.91 | 65.46 | 0.00 | 65.46 |
| Contents - move out then reset | 1.00 EA | 100.13 | 100.13 | 0.00 | 100.13 |
| **Room Totals: Family room 3 #965** | | | **2,666.48** | **0.00** | **2,666.48** |

### Room: Bedroom 3                     LxWxH  11'0" x 9'0" x 8'0"



| | | |
|---|---|---|
| 320.00 | SF Walls | |
| 419.00 | SF Walls & Ceiling | |
| 11.00 | SY Flooring | |
| 88.00 | SF Long Wall | |
| 40.00 | LF Ceil. Perimeter | |

99.00   SF Ceiling
99.00   SF Floor
40.00   LF Floor Perimeter
72.00   SF Short Wall

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile | 99.00 SF | 0.46 | 45.54 | 0.00 | 45.54 |
| Regrout tile floor | 99.00 SF | 2.32 | 229.68 | 0.00 | 229.68 |
| Clean the walls and ceiling | 419.00 SF | 0.24 | 100.56 | 0.00 | 100.56 |
| Apply anti-microbial agent | 198.00 SF | 0.27 | 53.46 | 0.00 | 53.46 |
| Mask and prep for paint | 40.00 LF | 0.78 | 31.20 | 0.00 | 31.20 |
| Paint the walls | 320.00 SF | 0.59 | 188.80 | 0.00 | 188.80 |
| R&R insulation - ceiling | 49.50 SF | 1.46 | 72.28 | 0.00 | 72.28 |
| R&R 1/2" drywall - ceiling | 49.50 SF | 2.66 | 131.67 | 0.00 | 131.67 |
| Paint the ceiling | 99.00 SF | 0.59 | 58.41 | 0.00 | 58.41 |
| Texture drywall - ceiling | 99.00 SF | 2.35 | 232.65 | 0.00 | 232.65 |
| Light fixture - Detach & reset | 2.00 EA | 34.40 | 68.80 | 0.00 | 68.80 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Outlet or switch - Detach & reset | 6.00 EA | 10.91 | 65.46 | 0.00 | 65.46 |

SANABRIA.EVAN.HURR                                                   04/06/2009   Page: 9

**Able Adjusting**

9300 SOUTH DADELAND BLVD SUITE 611
Miami, FL 33156

### CONTINUED - Bedroom 3

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Contents - move out then reset | 1.00 EA | 100.13 | 100.13 | 0.00 | 100.13 |
| **Room Totals: Bedroom 3** | | | **1,436.30** | **0.00** | **1,436.30** |



**Room: Family room 4 #965**          **LxWxH 12'6" x 10'4" x 8'0"**

| | | |
|---|---|---|
| 365.33 | SF Walls | 129.17 | SF Ceiling |
| 494.50 | SF Walls & Ceiling | 129.17 | SF Floor |
| 14.35 | SY Flooring | 45.67 | LF Floor Perimeter |
| 100.00 | SF Long Wall | 82.67 | SF Short Wall |
| 45.67 | LF Ceil. Perimeter | | |



**Subroom 1: Kitchen unit 4 #965**          **LxWxH 12'3" x 6'3" x 8'0"**

| | | |
|---|---|---|
| 296.00 | SF Walls | 76.56 | SF Ceiling |
| 372.56 | SF Walls & Ceiling | 76.56 | SF Floor |
| 8.51 | SY Flooring | 37.00 | LF Floor Perimeter |
| 98.00 | SF Long Wall | 50.00 | SF Short Wall |
| 37.00 | LF Ceil. Perimeter | | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile | 205.73 SF | 0.46 | 94.64 | 0.00 | 94.64 |
| Regrout tile floor | 205.73 SF | 2.32 | 477.29 | 0.00 | 477.29 |
| Clean the walls and ceiling | 867.06 SF | 0.24 | 208.10 | 0.00 | 208.10 |
| Apply anti-microbial agent | 411.46 SF | 0.27 | 111.09 | 0.00 | 111.09 |
| Mask and prep for paint | 82.67 LF | 0.78 | 64.48 | 0.00 | 64.48 |
| Paint the walls | 661.33 SF | 0.59 | 390.19 | 0.00 | 390.19 |
| R&R Insulation - ceiling | 102.86 SF | 1.46 | 150.18 | 0.00 | 150.18 |
| R&R 1/2" drywall - ceiling | 102.86 SF | 2.66 | 273.62 | 0.00 | 273.62 |
| Paint the ceiling | 205.73 SF | 0.59 | 121.38 | 0.00 | 121.38 |
| Texture drywall - ceiling | 205.73 SF | 2.35 | 483.46 | 0.00 | 483.46 |
| Light fixture - Detach & reset | 2.00 EA | 34.40 | 68.80 | 0.00 | 68.80 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Outlet or switch - Detach & reset | 6.00 EA | 10.91 | 65.46 | 0.00 | 65.46 |
| Contents - move out then reset | 1.00 EA | 100.13 | 100.13 | 0.00 | 100.13 |
| **Room Totals: Family room 4 #965** | | | **2,666.48** | **0.00** | **2,666.48** |

SANABRIA.EVAN.HURR                                04/06/2009  Page: 10

2008-1070
000216

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl 33156



### Room: Family room 5 #965     LxWxH 12'6" x 10'4" x 8'0"

| | | | |
|---|---|---|---|
| 365.33 | SF Walls | 129.17 | SF Ceiling |
| 494.50 | SF Walls & Ceiling | 129.17 | SF Floor |
| 14.35 | SY Flooring | 45.67 | LF Floor Perimeter |
| 100.00 | SF Long Wall | 82.67 | SF Short Wall |
| 45.67 | LF Ceil. Perimeter | | |



### Subroom 1: Kitchen unit 5 #965     LxWxH 12'3" x 6'3" x 8'0"

| | | | |
|---|---|---|---|
| 296.00 | SF Walls | 76.56 | SF Ceiling |
| 372.56 | SF Walls & Ceiling | 76.56 | SF Floor |
| 8.51 | SY Flooring | 37.00 | LF Floor Perimeter |
| 98.00 | SF Long Wall | 50.00 | SF Short Wall |
| 37.00 | LF Ceil. Perimeter | | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile | 205.73 SF | 0.46 | 94.64 | 0.00 | 94.64 |
| Regrout tile floor | 205.73 SF | 2.32 | 477.29 | 0.00 | 477.29 |
| Clean the walls and ceiling | 867.06 SF | 0.24 | 208.10 | 0.00 | 208.10 |
| Apply anti-microbial agent | 411.46 SF | 0.27 | 111.09 | 0.00 | 111.09 |
| Mask and prep for paint | 82.67 LF | 0.78 | 64.48 | 0.00 | 64.48 |
| Paint the walls | 661.33 SF | 0.59 | 390.19 | 0.00 | 390.19 |
| R&R Insulation - ceiling | 102.86 SF | 1.46 | 150.18 | 0.00 | 150.18 |
| R&R 1/2" drywall - ceiling | 102.86 SF | 2.66 | 273.62 | 0.00 | 273.62 |
| Paint the ceiling | 205.73 SF | 0.59 | 121.38 | 0.00 | 121.38 |
| Texture drywall - ceiling | 205.73 SF | 2.35 | 483.46 | 0.00 | 483.46 |
| Light fixture - Detach & reset | 2.00 EA | 34.40 | 68.80 | 0.00 | 68.80 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Outlet or switch - Detach & reset | 6.00 EA | 10.91 | 65.46 | 0.00 | 65.46 |
| Contents - move out then reset | 1.00 EA | 100.13 | 100.13 | 0.00 | 100.13 |
| **Room Totals: Family room 5 #965** | | | **2,666.48** | **0.00** | **2,666.48** |

2008-1070
000217

PAGE  12/22      ABLE ADJUSTING INC      3056700235      06/25/2009  16:58

**Able Adjusting**

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156



### Room: Bedroom 5 #965

### LxWxH  11'0" x 9'0" x 8'0"

| | | |
|---|---|---|
| 320.00 | SF Walls | 99.00  SF Ceiling |
| 419.00 | SF Walls & Ceiling | 99.00  SF Floor |
| 11.00 | SY Flooring | 40.00  LF Floor Perimeter |
| 88.00 | SF Long Wall | 72.00  SF Short Wall |
| 40.00 | LF Ceil. Perimeter | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile | 99.00 SF | 0.46 | 45.54 | 0.00 | 45.54 |
| Regrout tile floor | 99.00 SF | 2.32 | 229.68 | 0.00 | 229.68 |
| Clean the walls and ceiling | 419.00 SF | 0.24 | 100.56 | 0.00 | 100.56 |
| Apply anti-microbial agent | 198.00 SF | 0.27 | 53.46 | 0.00 | 53.46 |
| Mask and prep for paint | 40.00 LF | 0.78 | 31.20 | 0.00 | 31.20 |
| Paint the walls | 320.00 SF | 0.59 | 188.80 | 0.00 | 188.80 |
| R&R Insulation - ceiling | 49.50 SF | 1.46 | 72.28 | 0.00 | 72.28 |
| R&R 1/2" drywall - ceiling | 49.50 SF | 2.66 | 131.67 | 0.00 | 131.67 |
| Paint the ceiling | 99.00 SF | 0.59 | 58.41 | 0.00 | 58.41 |
| Texture drywall - ceiling | 99.00 SF | 2.35 | 232.65 | 0.00 | 232.65 |
| Light fixture - Detach & reset | 2.00 EA | 34.40 | 68.80 | 0.00 | 68.80 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Outlet or switch - Detach & reset | 6.00 EA | 10.91 | 65.46 | 0.00 | 65.46 |
| Contents - move out then reset | 1.00 EA | 100.13 | 100.13 | 0.00 | 100.13 |
| **Room Totals: Bedroom 5 #965** | | | **1,436.30** | **0.00** | **1,436.30** |

### Room: Family room 6 #965

### LxWxH  12'6" x 10'4" x 8'0"



| | | |
|---|---|---|
| 365.33 | SF Walls | 129.17  SF Ceiling |
| 494.50 | SF Walls & Ceiling | 129.17  SF Floor |
| 14.35 | SY Flooring | 45.67  LF Floor Perimeter |
| 100.00 | SF Long Wall | 82.67  SF Short Wall |
| 45.67 | LF Ceil. Perimeter | |

### Subroom 1: Kitchen 6 #965

### LxWxH  12'3" x 6'3" x 8'0"



| | | |
|---|---|---|
| 296.00 | SF Walls | 76.56  SF Ceiling |
| 372.56 | SF Walls & Ceiling | 76.56  SF Floor |
| 8.51 | SY Flooring | 37.00  LF Floor Perimeter |
| 98.00 | SF Long Wall | 50.00  SF Short Wall |
| 37.00 | LF Ceil. Perimeter | |

SANABRIA.EVAN.HURR

04/06/2009  Page: 12

2008-1070
000218

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, FL 33156

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile | 205.73 SF | 0.46 | 94.64 | 0.00 | 94.64 |
| Regrout tile floor | 205.73 SF | 2.32 | 477.29 | 0.00 | 477.29 |
| Clean the walls and ceiling | 867.06 SF | 0.24 | 208.10 | 0.00 | 208.10 |
| Apply anti-microbial agent | 411.46 SF | 0.27 | 111.09 | 0.00 | 111.09 |
| Mask and prep for paint | 82.67 LF | 0.78 | 64.48 | 0.00 | 64.48 |
| Paint the walls | 661.33 SF | 0.59 | 390.19 | 0.00 | 390.19 |
| R&R Insulation - ceiling | 102.86 SF | 1.46 | 150.18 | 0.00 | 150.18 |
| R&R 1/2" drywall - ceiling | 102.86 SF | 2.66 | 273.62 | 0.00 | 273.62 |
| Paint the ceiling | 205.73 SF | 0.59 | 121.38 | 0.00 | 121.38 |
| Texture drywall - ceiling | 205.73 SF | 2.35 | 483.46 | 0.00 | 483.46 |
| Light fixture - Detach & reset | 2.00 EA | 34.40 | 68.80 | 0.00 | 68.80 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Outlet or switch - Detach & reset | 6.00 EA | 10.91 | 65.46 | 0.00 | 65.46 |
| Contents - move out then reset | 1.00 EA | 100.13 | 100.13 | 0.00 | 100.13 |
| **Room Totals: Family room 6 #965** | | | **2,666.48** | **0.00** | **2,666.48** |



**Room: Living room #963**    **LxWxH  17'9" x 16'9" x 8'0"**

| | | | |
|---|---|---|---|
| 552.00 | SF Walls | 297.31 | SF Ceiling |
| 849.31 | SF Walls & Ceiling | 297.31 | SF Floor |
| 33.03 | SY Flooring | 69.00 | LF Floor Perimeter |
| 142.00 | SF Long Wall | 134.00 | SF Short Wall |
| 69.00 | LF Ceil. Perimeter | | |

**Subroom 1: Jog**    **LxWxH  12'5" x 8'6" x 8'0"**



| | | | |
|---|---|---|---|
| 334.67 | SF Walls | 105.54 | SF Ceiling |
| 440.21 | SF Walls & Ceiling | 105.54 | SF Floor |
| 11.73 | SY Flooring | 41.83 | LF Floor Perimeter |
| 99.33 | SF Long Wall | 68.00 | SF Short Wall |
| 41.83 | LF Ceil. Perimeter | | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor | 402.85 SF | 0.46 | 185.31 | 0.00 | 185.31 |
| Clean the walls and ceiling | 1,289.52 SF | 0.24 | 309.49 | 0.00 | 309.49 |
| Apply anti-microbial agent | 624.52 SF | 0.27 | 168.62 | 0.00 | 168.62 |
| Mask and prep for paint | 110.83 LF | 0.78 | 86.45 | 0.00 | 86.45 |
| Insulation patch - wall | 1.00 EA | 36.43 | 36.43 | 0.00 | 36.43 |
| Plaster patch - wall | 1.00 EA | 217.76 | 217.76 | 0.00 | 217.76 |
| Paint the walls | 886.67 SF | 0.59 | 523.13 | 0.00 | 523.13 |

SANABRIA.EVAN.HURR

04/06/2009  Page: 13

**Able Adjusting**

9300 SOUTH DADELAND BLVD SUITE 611
Miami, FL 33156

## CONTINUED - Living room #963

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Insulation patch - ceiling | 1.00 EA | 36.43 | 36.43 | 0.00 | 36.43 |
| Plaster patch - ceiling | 1.00 EA | 217.76 | 217.76 | 0.00 | 217.76 |
| Paint the ceiling | 402.85 SF | 0.59 | 237.68 | 0.00 | 237.68 |
| Texture drywall - ceiling | 402.85 SF | 2.35 | 946.71 | 0.00 | 946.71 |
| Light fixture - Detach & reset | 1.00 EA | 34.40 | 34.40 | 0.00 | 34.40 |
| Heat/AC register - Detach & reset | 2.00 EA | 8.82 | 17.64 | 0.00 | 17.64 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Smoke detector - Detach & reset | 1.00 EA | 29.44 | 29.44 | 0.00 | 29.44 |
| Outlet or switch - Detach & reset | 8.00 EA | 10.91 | 87.28 | 0.00 | 87.28 |
| Contents - move out then reset | 2.00 EA | 100.13 | 200.26 | 0.00 | 200.26 |
| **Room Totals: Living room #963** | | | **3,392.45** | **0.00** | **3,392.45** |

---

**Room: Front left bdrm #963**  **LxWxH  13'6" x 10'6" x 8'0"**



| | | |
|---|---|---|
| 384.00 | SF Walls | |
| 525.75 | SF Walls & Ceiling | |
| 15.75 | SY Flooring | |
| 108.00 | SF Long Wall | |
| 48.00 | LF Ceil. Perimeter | |

| | | |
|---|---|---|
| 141.75 | SF Ceiling |
| 141.75 | SF Floor |
| 48.00 | LF Floor Perimeter |
| 84.00 | SF Short Wall |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor | 141.75 SF | 0.46 | 65.21 | 0.00 | 65.21 |
| Clean the walls and ceiling | 525.75 SF | 0.24 | 126.18 | 0.00 | 126.18 |
| Apply anti-microbial agent | 237.75 SF | 0.27 | 64.19 | 0.00 | 64.19 |
| Mask and prep for paint | 48.00 LF | 0.78 | 37.44 | 0.00 | 37.44 |
| Insulation patch - wall | 1.00 EA | 36.43 | 36.43 | 0.00 | 36.43 |
| Plaster patch - wall | 1.00 EA | 217.76 | 217.76 | 0.00 | 217.76 |
| Paint the walls | 384.00 SF | 0.59 | 226.56 | 0.00 | 226.56 |
| Insulation patch - ceiling | 1.00 EA | 36.43 | 36.43 | 0.00 | 36.43 |
| Plaster patch - ceiling | 1.00 EA | 217.76 | 217.76 | 0.00 | 217.76 |
| Paint the ceiling | 141.75 SF | 0.59 | 83.63 | 0.00 | 83.63 |
| Texture drywall - ceiling | 141.75 SF | 2.35 | 333.11 | 0.00 | 333.11 |
| Light fixture - Detach & reset | 1.00 EA | 34.40 | 34.40 | 0.00 | 34.40 |
| Heat/AC register - Detach & reset | 2.00 EA | 8.82 | 17.64 | 0.00 | 17.64 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Smoke detector - Detach & reset | 1.00 EA | 29.44 | 29.44 | 0.00 | 29.44 |

SANABRIA.EVAN.HURR

04/06/2009  Page: 14

**2008-1070**
**000220**

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156

### CONTINUED - Front left bdrm #963

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Outlet or switch - Detach & reset | 8.00 EA | 10.91 | 87.28 | 0.00 | 87.28 |
| Contents - move out then reset | 2.00 EA | 100.13 | 200.26 | 0.00 | 200.26 |
| **Room Totals: Front left bdrm #963** | | | **1,871.38** | **0.00** | **1,871.38** |

**Room: Front right bdrm#963**          **LxWxH  14'3" x 10'5" x 8'0"**



| | |
|---|---|
| 394.67  SF Walls | 148.44  SF Ceiling |
| 543.10  SF Walls & Ceiling | 148.44  SF Floor |
| 16.49  SY Flooring | 49.33  LF Floor Perimeter |
| 114.00  SF Long Wall | 83.33  SF Short Wall |
| 49.33  LF Ceil. Perimeter | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor | 148.44 SF | 0.46 | 68.28 | 0.00 | 68.28 |
| Clean the walls and ceiling | 543.10 SF | 0.24 | 130.35 | 0.00 | 130.35 |
| Apply anti-microbial agent | 247.10 SF | 0.27 | 66.72 | 0.00 | 66.72 |
| Mask and prep for paint | 49.33 LF | 0.78 | 38.48 | 0.00 | 38.48 |
| Insulation patch - wall | 1.00 EA | 36.43 | 36.43 | 0.00 | 36.43 |
| Plaster patch - wall | 1.00 EA | 217.76 | 217.76 | 0.00 | 217.76 |
| Paint the walls | 394.67 SF | 0.59 | 232.85 | 0.00 | 232.85 |
| Insulation patch - ceiling | 1.00 EA | 36.43 | 36.43 | 0.00 | 36.43 |
| Plaster patch - ceiling | 1.00 EA | 217.76 | 217.76 | 0.00 | 217.76 |
| Paint the ceiling | 148.44 SF | 0.59 | 87.58 | 0.00 | 87.58 |
| Texture drywall - ceiling | 148.44 SF | 2.35 | 348.83 | 0.00 | 348.83 |
| Light fixture - Detach & reset | 1.00 EA | 34.40 | 34.40 | 0.00 | 34.40 |
| Heat/AC register - Detach & reset | 2.00 EA | 8.82 | 17.64 | 0.00 | 17.64 |
| Window blind - horizontal or vertical - Detach & reset | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| Smoke detector - Detach & reset | 1.00 EA | 29.44 | 29.44 | 0.00 | 29.44 |
| Outlet or switch - Detach & reset | 8.00 EA | 10.91 | 87.28 | 0.00 | 87.28 |
| Contents - move out then reset | 2.00 EA | 100.13 | 200.26 | 0.00 | 200.26 |
| **Room Totals: Front right bdrm#963** | | | **1,908.15** | **0.00** | **1,908.15** |

SANABRIA.EVAN.HURR

2008-1070
000221

06/25/2009  16:58   3056700235   ABLE ADJUSTING INC   PAGE  16/22

**Able Adjusting**

9300 SOUTH DADELAND BLVD SUITE 611
Miami, FL 33156



**Room: Master bedroom #963**

**LxWxH  16'6" x 15'8" x 8'0"**

| | | | | |
|---|---|---|---|---|
| 514.67 | SF Walls | | 258.50 | SF Ceiling |
| 773.17 | SF Walls & Ceiling | | 258.50 | SF Floor |
| 28.72 | SY Flooring | | 64.33 | LF Floor Perimeter |
| 132.00 | SF Long Wall | | 125.33 | SF Short Wall |
| 64.33 | LF Ceil. Perimeter | | | |



**Subroom 1: Utility room#963**

**LxWxH  10'7" x 7'1" x 8'0"**

| | | | | |
|---|---|---|---|---|
| 282.67 | SF Walls | | 74.97 | SF Ceiling |
| 357.63 | SF Walls & Ceiling | | 74.97 | SF Floor |
| 8.33 | SY Flooring | | 35.33 | LF Floor Perimeter |
| 84.67 | SF Long Wall | | 56.67 | SF Short Wall |
| 35.33 | LF Ceil. Perimeter | | | |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor | 333.47 SF | 0.46 | 153.39 | 0.00 | 153.39 |
| Clean the walls and ceiling | 1,130.80 SF | 0.24 | 271.39 | 0.00 | 271.39 |
| Apply anti-microbial agent | 532.80 SF | 0.27 | 143.86 | 0.00 | 143.86 |
| Mask and prep for paint | 99.67 LF | 0.78 | 77.74 | 0.00 | 77.74 |
| Insulation patch - wall | 1.00 EA | 36.43 | 36.43 | 0.00 | 36.43 |
| Plaster patch - wall | 1.00 EA | 217.76 | 217.76 | 0.00 | 217.76 |
| Paint the walls | 797.33 SF | 0.59 | 470.43 | 0.00 | 470.43 |
| Insulation patch - ceiling | 1.00 EA | 36.43 | 36.43 | 0.00 | 36.43 |
| Plaster patch - ceiling | 1.00 EA | 217.76 | 217.76 | 0.00 | 217.76 |
| Paint the ceiling | 333.47 SF | 0.59 | 196.74 | 0.00 | 196.74 |
| Texture drywall - ceiling | 333.47 SF | 2.35 | 783.64 | 0.00 | 783.64 |
| Light fixture - Detach & reset | 1.00 EA | 34.40 | 34.40 | 0.00 | 34.40 |
| Heat/AC register - Detach & reset | 2.00 EA | 8.82 | 17.64 | 0.00 | 17.64 |
| Window blind - horizontal or | 2.00 EA | 28.83 | 57.66 | 0.00 | 57.66 |
| vertical - Detach & reset | | | | | |
| Smoke detector - Detach & reset | 1.00 EA | 29.44 | 29.44 | 0.00 | 29.44 |
| Outlet or switch - Detach & reset | 8.00 EA | 10.91 | 87.28 | 0.00 | 87.28 |
| Contents - move out then reset | 2.00 EA | 100.13 | 200.26 | 0.00 | 200.26 |
| **Room Totals: Master bedroom #963** | | | **3,032.25** | **0.00** | **3,032.25** |

SANABRIA.EVAN.HURR

04/06/2009  Page: 16

**2008-1070**
**000222**

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156

### Room: General



| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Permits and fees | 1.00 EA | 432.56 | 432.56 | 0.00 | 432.56 |
| General clean - up | 20.00 HR | 24.76 | 495.20 | 0.00 | 495.20 |
| Dumpster load | 3.00 EA | 456.41 | 1,369.23 | 0.00 | 1,369.23 |
| **Room Totals: General** | | | **2,296.99** | **0.00** | **2,296.99** |
| **Line Item Subtotals:** | | | **92,129.85** | **0.00** | **92,129.85** |
| **SANABRIA.EVAN.HURR** | | | | | |

| Adjustments for Base Service Charges | Adjustment |
|---|---|
| Carpenter - Finish, Trim/Cabinet | 108.58 |
| Carpenter - Mechanic | 123.64 |
| Cleaning Technician | 45.12 |
| Floor Cleaning Technician | 57.10 |
| Cleaning Remediation Technician | 78.96 |
| Drywall Installer/Finisher | 363.40 |
| Electrician | 135.04 |
| Fencing Installer | 91.60 |
| Hardware Installer | 115.10 |
| Heating / A.C. Mechanic | 140.18 |
| Insulation Installer | 103.60 |
| General Laborer | 26.48 |
| Plasterer | 305.48 |
| Painter | 94.32 |
| Roofer | 331.14 |
| Siding Installer | 133.24 |
| Tile/Cultured Marble Installer | 153.70 |
| Total Adjustments for Base Service Charges: | 2,406.68 |

| | RCV | DEPREC | ACV |
|---|---|---|---|
| Total Adjustments for Base Service Charges: | 94,536.53 | 0.00 | 94,536.53 |
| **Line Item Totals:** | | | |
| **SANABRIA.EVAN.HURR** | | | |

SANABRIA.EVAN.HURR

04/06/2009   Page: 17

### Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156

| Grand Total Areas: | | | | | |
|---|---|---|---|---|---|
| 16,268.67 | SF Walls | 2,458.88 | SF Ceiling | 18,727.55 | SF Walls & Ceiling |
| 2,458.88 | SF Floor | 273.21 | SY Flooring | 1,905.83 | LF Floor Perimeter |
| 6,643.00 | SF Long Wall | 1,491.33 | SF Short Wall | 1,905.83 | LF Ceil. Perimeter |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 0.00 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | 0.00 | Area of Face 1 |

SANABRIA.EVAN.HURR

04/06/2009   Page: 18

2008-1070
000224

## Abie Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156

| Summary for Hurricane Wilma | | | | |
|---|---|---|---|---|
| Line Item Total | | | | 92,129.85 |
| Total Adjustments for Base Service Charges | | | | 2,406.68 |
| Material Sales Tax | @ | 7.000% | 26,045.11 | 1,823.16 |
| Subtotal | | | | 96,359.69 |
| Overhead | @ | 10.00% | 96,359.69 | 9,635.97 |
| Profit | @ | 10.00% | 96,359.69 | 9,635.97 |
| **Grand Total** | | | | **115,631.63** |

Able Adjusting

04/06/2009  Page: 19

2008-1070
000225
06/25/2009  16:58    3056700235    ABLE ADJUSTING INC    PAGE  20/22

### Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156

| Recap by Room | | |
|---|---|---|
| Estimate: SANABRIA.EVAN.HURR | | |
| Roof 1 #965 | 20,145.27 | 21.31% |
| Roof 2 #963 | 17,674.18 | 18.70% |
| Front elevation #965 | 5,534.27 | 5.85% |
| Right elevation #965 | 665.34 | 0.70% |
| Rear elevation #965 | 8,799.69 | 9.31% |
| Left elevation #965 | 1,749.67 | 1.85% |
| Front elevation #963 | 2,190.63 | 2.32% |
| Right elevation #963 | 828.77 | 0.88% |
| Rear elevation #963 | 2,603.56 | 2.75% |
| Left elevation #963 | 565.77 | 0.60% |
| Family room 1 #965 | 2,666.48 | 2.82% |
| Family room 2 #965 | 2,666.48 | 2.82% |
| Family room 3 #965 | 2,666.48 | 2.82% |
| Bedroom 3 | 1,436.30 | 1.52% |
| Family room 4 #965 | 2,666.48 | 2.82% |
| Family room 5 #965 | 2,666.48 | 2.82% |
| Bedroom 5 #965 | 1,436.30 | 1.52% |
| Family room 6 #965 | 2,666.48 | 2.82% |
| Living room #963 | 3,392.45 | 3.59% |
| Front left bdrm #963 | 1,871.38 | 1.98% |
| Front right bdrm#963 | 1,908.15 | 2.02% |
| Master bedroom #963 | 3,032.25 | 3.21% |
| General | 2,296.99 | 2.43% |
| Subtotal of Areas | 92,129.85 | 97.45% |
| Base Service Charges | 2,406.68 | 2.55% |
| Total | 94,536.53 | 100.00% |

SANABRIA.EVAN.HURR

04/06/2009   Page: 20

## Able Adjusting

9300 SOUTH DADELAND BLVD SUITE 611
Miami, Fl. 33156

| Recap By Category | | | | Total Dollars | % |
|---|---|---|---|---|---|
| **O&P Items** | | | | **Total Dollars** | **%** |
| CLEANING | | | | 5,891.01 | 5.09% |
| CONTENT MANIPULATION | | | | 1,602.08 | 1.39% |
| GENERAL DEMOLITION | | | | 12,378.85 | 10.71% |
| DOORS | | | | 1,976.30 | 1.71% |
| DRYWALL | | | | 7,425.59 | 6.42% |
| ELECTRICAL | | | | 990.56 | 0.86% |
| FLOOR COVERING - CERAMIC TILE | | | | 3,323.10 | 2.87% |
| PERMITS AND FEES | | | | 432.56 | 0.37% |
| FENCING | | | | 2,136.00 | 1.85% |
| FINISH HARDWARE | | | | 277.96 | 0.24% |
| HEAT, VENT & AIR CONDITIONING | | | | 5,818.56 | 5.03% |
| INSULATION | | | | 799.92 | 0.69% |
| LIGHT FIXTURES | | | | 1,155.58 | 1.00% |
| INTERIOR LATH & PLASTER | | | | 1,742.08 | 1.51% |
| PAINTING | | | | 11,462.17 | 9.91% |
| SWIMMING POOLS & SPAS | | | | 204.80 | 0.18% |
| ROOFING | | | | 28,927.96 | 25.02% |
| SOFFIT, FASCIA, & GUTTER | | | | 1,003.68 | 0.87% |
| STUCCO & EXTERIOR PLASTER | | | | 2,375.22 | 2.05% |
| WINDOW REGLAZING & REPAIR | | | | 297.10 | 0.26% |
| WINDOW TREATMENT | | | | 691.92 | 0.60% |
| WATER EXTRACTION & REMEDIATION | | | | 1,216.85 | 1.05% |
| **Subtotal** | | | | 92,129.85 | 79.68% |
| Base Service Charges | | | | 2,406.68 | 2.08% |
| Material Sales Tax | @ | 7.000% | | 1,823.16 | 1.58% |
| Overhead | @ | 10.00% | | 9,635.97 | 8.33% |
| Profit | @ | 10.00% | | 9,635.97 | 8.33% |
| **O&P Items Subtotal** | | | | 115,631.63 | 100.00% |
| **Grand Total** | | | | **115,631.63** | |

2008-1070
000227

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 09-75648 CA 01

EVANGELINO SANABRIA,

      Plaintiff,

vs.

XL SPECIALTY INSURANCE COMPANY,

      Defendant.

_____/

### NOTICE OF FILING DEFENDANT'S NOTICE OF REMOVAL

    **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §1446(d) Defendant's Notice of Removal has been filed with the Clerk of this Honorable Court.

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by First Class U. S. Mail and Facsimile to: **Jorge L. Carbonell, Jr., Esq.,** Alvarez Carbonell & Gomez, P.L., 2330 Ponce De Leon Blvd., Suite 201, Coral Gables, Florida 33134 / 305-444-8986 on this _13th_ day of November, 2009.

                    BOEHM, BROWN, FISCHER,
                    HARWOOD, KELLY & SCHEIHING, P.A.

                    *Marjorie M. Salazar, Esq.*
                    MICHAELA D. SCHEIHING, ESQUIRE
                    mscheihing@boehmbrown.com
                    Florida Bar Number 0931853
                    Post Office Box 11830
                    Daytona Beach, Florida  32120
                    Telephone: 386-258-3341
                    Facsimile: 386-258-0252
                    Attorneys for XL Specialty Insurance Company

**CIVIL COVER SHEET**

JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**

Evangelino Sanabria

**09-23485**

**DEFENDANTS**

XL Specialty Insurance Company

NOV 16 2009
STEVEN M. LARIMORE
CLERK U S DIST CT
S.D. of FLA - MIAMI

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jorge L. Carbonell, Jr., Esquire, Alvarez Carbonell & Gomez, P.A.,
2330 Ponce De Leon Blvd., Suite 201, Coral Gables, FL 33134

CIV-KING
MAGISTRATE JUDGE
BANDSTRA

Attorneys (If Known)

Michaela D. Scheihing, Boehm, Brown, Fischer, Harwood, Kelly and Scheihing, P.A., Post Office Box 11830, Daytona Beach, FL 32120

09-cv-23485-King/Bandstra

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☒ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO
JUDGE                                          DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332, 1441, 1446

LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   13 Nov 2009

FOR OFFICE USE ONLY

AMOUNT   Pending     RECEIPT #     IFP